EVERETT B. GEE and the E. B. GEE LAND COMPANY, a Corporation, Appellants, v. GEORGE BULLOCK, ALLAN G. MORRISON, Z. F. CAMPBELL, ROBT. A. McCORD, ROGER A. BAILEY and GLENNYE BLAKEFIELD.—164 S. W. (2d) 281.

Division One, September 8, 1942.

*C. E. Rendlen, F. D. Wilkins, C. M. Buck* and *Edward F. Sharp* for appellants.

1156

*Merrell Spitler* and *Ward & Reeves* for respondents.

1160

DOUGLAS, P. J.—This is a suit in equity to set aside tax deeds to land in New Madrid County; to determine plaintiffs' interest in said land; to decree that plaintiffs are owners of a lien on said land; and for the foreclosure of such lien.

The chancellor found the tax sales were valid. He found that plaintiffs had no interest in the land or any lien against it. He found there was no equity in plaintiffs' petition and plaintiffs were not entitled to equitable relief. He decreed title in the defendants with the exception of defendant Morrison who was only a nominal party. From the decree plaintiffs appealed. It will be simpler to refer to the plaintiffs collectively as Gee.

The land was owned by two companies. Both companies conveyed it to the same grantee. Part of the land was owned by the Himmelberger-Harrison Lumber Company, hereafter referred to as the lumber company. On November 12, 1929, the lumber company conveyed its land to Allan G. Morrison. On the same day Morrison executed a deed of trust on the land to G. C. Hill as trustee, to secure his note, payable to George W. Hobbs, for $294,000. The balance of the land was owned by the Himmelberger-Harrison Land & Investment

Company. We will refer to this one as the land company. On the same day the land company conveyed its land also to Morrison. He executed a deed of trust on the land to the same parties, G. C. Hill as trustee to secure his note, payable to George W. Hobbs, for $49,000.

Tax suits involving all the land were instituted by the State in 1930. Morrison, Hill, as trustee, and Hobbs, the record owners, were made parties defendant. Judgments for delinquent taxes were had. On execution the land was sold and ultimately acquired by defendant Bullock.

In 1936, after improving the land, Bullock brought suit to quiet his title. Gee, plaintiff here, was a defendant in that suit. The chancellor in that suit found in favor of Bullock and against Gee. Bullock was decreed to be the owner in fee simple. The decree found Gee had no interest, lien or title. On appeal to this court the decree was affirmed. [See Bullock v. E. B. Gee Land Co., 347 Mo. 721, 148 S. W. (2d) 565.] ▆▆ With one exception, Gee raised the same issues by his answer and cross bill in the Bullock case as he is now raising here in his petition. The land in the Bullock case is the identical land involved here.

In the Bullock case Gee contended the tax sales were invalid because the tax suits did not include as parties defendant the actual and known owner of the land and the actual and known holders of the notes and deeds of trust at the time of the suit. He claimed that the Darby-Day Investment Company, a Chicago company, was the actual owner of the land at the time of the tax suits and the notes were held by representatives of that company. He also claimed he later acquired the notes and deeds of trust. He asked that his liens under the deeds of trust be established.

This court found there was no proof of the Darby-Day Company's ownership of the land and held that evidence attempting to establish a lost deed to that company was properly excluded. As to the notes, Gee did not stand on the presumption of ownership arising from his possession of them. The question of ownership was an issue. He attempted to prove how he had acquired title to the notes. The notes had gone through a tortuous process of transfers. Hobbs, the payee, apparently had no actual interest in the notes and never had possession of them except to endorse them in blank. Presumably, he was acting as a straw man for the lumber and land companies. While we found that these companies had the notes transferred under an agreement which was never kept, yet we held that the real owner of the notes at the time of the tax suits could not be determined with certainty from the evidence in the case. We determined that the equities were not with Gee.

After the decision was handed down Gee obtained assignments from the lumber and land companies of any interest those companies

had in the notes and quitclaim deeds for any interest in the lands. He then filed this suit.

■ The land here involved, we again point out, is the identical land which was the subject of the Bullock case. All the issues but one are the same. The principal parties are the same. While Gee attempts to litigate again a number of the issues disposed of by the Bullock case, he concedes "that the present suit is based entirely upon an after-acquired title by Gee from the Himmelberger companies."

However, we may consider the interest Gee acquired from the lumber company only. Gee could acquire nothing from the land company because it was a defendant in the Bullock case. Any interest the land company may have had was expressly wiped out by the decree in that case which vested title in Bullock free of any claims of the land company. Consequently the only matter for determination in this suit is the interest or claim Gee acquired from the lumber company.

Gee argues that our opinion in the Bullock case holds that the lumber company never lost title to the $294,000 note, the only note now involved in this suit. We did not hold this. In considering Gee's claim to be the holder of this note we showed the consideration for the agreement under which it was originally transferred had not been paid. We did this by way of argument in demonstrating the evidence did not sustain Gee's claim to own the note. We did not hold or decide that the lumber company was the owner of the note at the time of the tax suits. We held, to repeat, we could not determine who was the owner of the note at such time.

The instant case was tried on substantially the same evidence as the Bullock case. As a matter of fact the bill of exceptions and the exhibits in that case were introduced in this case. In addition, the assignments and quitclaim deed from the lumber and land companies were introduced and there was some slight new testimony. But we find no evidence whatsoever tending to show that the lumber company owned the note either at the time of the tax suits or at the time of the assignment to Gee.

■ The statute in force at the time of the tax suits permitted a tax suit to be brought against the record owner of the land unless the actual owner was known. This court has held that the beneficiary and trustee of a deed of trust on the land are also necessary parties to a tax suit if the lien of the deed of trust is to be concluded. But such decisions must be considered in the light of the statute. Section 9953, R. S. 1929, the pertinent statute, provided that a tax suit should be prosecuted "against the owner of the property, if known, and if not known, then against the last owner of record as shown by the county or city records at the time the suit was brought."

■ This court only recently passed for the first time on the effect of a tax sale where the actual owner of a note and deed of trust on

the property was unknown, and therefore not a party to the tax suit. Besides the owner, the trustee of the deed of trust and the beneficiary thereof as disclosed by the record were made parties to that suit. We upheld the sale. We decided that where the owner of the note was unknown and therefore not a party to the tax suit, he was concluded by the sale and judgment in the suit brought against the record owners. We pointed out that if the holder of a note desired the record to show his ownership so he would be made a party to a tax suit he could have the transfer of the deed of trust to him placed of record. [Edwards Land Co. v. Richards, 349 Mo. 758, 163 S. W. (2d) 581.] That decision rules this case.

The evidence before us does not show the lumber company owned the note, or that the collector or the purchaser at the tax sales had any knowledge that the lumber company claimed to own it. Therefore, the collector had no duty to join it as a party in the tax suits. If the lumber company was the owner of the note, such fact was unknown. Therefore, any right it may have had was concluded by the judgment and sale. Accordingly, Gee acquired no lien against the land through the assignment of the note from the lumber company.

Gee contends that the tax sale was void also on the ground the Darby-Day Company was known to be the owner of the land and was not made a party to the tax suit. He made this same contention in the Bullock case when he claimed he was a subsequent grantee of the Darby-Day Company. The testimony was conflicting. We ruled the evidence was not sufficient to show title in the Darby-Day Company and deferred to the ruling of the chancellor. We decided that evidence which was offered on this issue was properly excluded. We pointed out that even had it been admitted it did not sustain the issue. Considering the same evidence we are forced to the same conclusion.

Gee's purpose for renewing this contention must be on the theory that if the tax sales are void for such reason, his lien against the land as present owner of the note is still enforceable. But he has not shown either that the lumber company was the owner of the note at the time of the sale or acquired the rights of the one who was the owner at such time. So his argument collapses. Furthermore, he is not in a position to raise such an issue. The general rule is settled that one attacking a tax deed must show that he or those under whom he claims had some title to the property at the time of the sale. [26 R. C. L., Taxation, sec. 402.] As neither Gee nor those under whom he claims have been shown to have any interest in the property at such time, it matters not to Gee what was or was not done in the tax suit.

The rule usually followed in suits to quiet title has also been followed in suits to cancel a tax deed. A plaintiff must recover if at all on the strength of his own title and not on any defect in that of

his adversary. [Anderson v. Daugherty, 169 Ky. 308, 183 S. W. 545; Day v. Benesh, 104 Fla. 58, 139 So. 448; Medaris v. Tracey, 170 Okla. 113, 39 Pac. (2d) 30.]

Gee further claims to have acquired a vendor's lien on the land through the assignment from the lumber company. This is on the theory that the deed of trust showed on its face that the indebtedness was partly for purchase money. This claim also collapses under our holding the assignment transferred no interest in the land to Gee even had there been a vendor's lien in the first place. But there was no vendor's lien. It is the rule in this State that a vendor's lien will be considered waived where a security is taken upon the land either for the whole or part of the unpaid purchase money, unless there is an express agreement that the implied lien shall be retained. [Winner v. Lippincott Investment Co., 125 Mo. 528, 28 S. W. 998.] There was no vendor's lien retained.

The decree was for the proper party and is affirmed. All concur.