STATE OF MISSOURI, at the Relation and to the use of CHRIST C. CRITES, Appellant, v. W. E. SHORT, Collector of the Revenue of Wayne County, Missouri.—No. 38473.—174 S. W. (2d) 821.

Division Two, October 4, 1943.

Rehearing Denied, November 1, 1943.

J. *Grant Frye* and *Gerald B. Rowan* for appellant.

*Roy W. McGhee* and *Robert C. Hyde* for respondent.

TIPTON, J.—This is a mandamus action to compel the respondent, the collector of revenue of Wayne County, Missouri, to execute a deed to certain lands in Wayne County under the provisions of the Jones-Munger Act of 1933, sections 11117, et seq., R. S. Mo. 1939. The trial court denied the writ for the reason that it had been redeemed by one Boss H. P. Bennett.

The evidence shows that on November 7, 1939, the appellant bought the tax certificates for the delinquent taxes due on the land in question for the years 1934, 1935, 1936, 1937, and 1938. At the time the tax certificates were bought by the appellant, the title to the land was in Johns Hopkins University and it was conceded at the trial that no redemption was made by it. However, a quitclaim deed, dated October 25, 1940, was introduced in evidence executed by Hal Bennett, as attorney in fact for Johns Hopkins University, conveying the land to C. O. Barks, who, in turn, conveyed the land on November 6, 1940, to Boss H. P. Bennett. He paid the taxes, interest, and penalties due on November 7, 1941, and respondent issued to him redemption certificates. A power of attorney was executed by Johns Hopkins University dated June 6, 1940, giving authority to Hal Bennett to execute a deed in its behalf. This power of attorney was filed in the

recorder of deeds' office on December 6, 1940, but it was not acknowledged. It is conceded that the appellant had complied with all statutory requirements entitling him to a collector's deed, and that Boss H. P. Bennett had also complied with all statutory requirements entitling him to redeem the land if he had a right to redeem.

Or to put it another way, does the fact that there was no acknowledgment of the power of attorney deprive Boss H. P. Bennett from the right of redemption?.

Section 11145, R. S. Mo. 1939, states who may redeem in the following language: "The owner or occupant of any land or lot sold for taxes, or *any other persons having an interest therein,* may redeem the same at any time during the two years next ensuing, in the following manner: . . . " (Italics ours.)

The respondent contends that Boss H. P. Bennett was a person *having an interest in the land* under the above facts and, therefore, was entitled to redeem. In other words, it was not necessary for him to be vested with the legal title to entitle him to redeem. We think there can be no doubt of this assertion. This section says that the owner, occupant, "or any other persons having an interest therein" may redeem.

Does the fact that the power of attorney was not acknowledged prevent him from having an interest in the land?

Section 3433, R. S. Mo. 1939, provides the power of attorney, in reference to conveying real estate, *"shall be acknowledged or proved, and certified and recorded, as other instruments in writing conveying or affecting real estate are required to be acknowledged or proved and certified and recorded."* (Italics ours.)

The question arises as to the requirements of "other instruments in writing conveying . . . real estate" in reference to acknowledgments. Section 3416, R. S. Mo. 1939, set forth the contents of the acknowledgment of a deed conveying real estate. Since the power of attorney in question had no acknowledgment, it is not necessary to state the requirements of this section. Section 3426, R. S. Mo. 1939, requires that all instruments conveying real estate that are properly acknowledged shall be recorded in the office of the recorder of deeds in the county where the real estate is situated, while the next section (3427) provides that "Every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the recorder for record, impart notice to all persons . . . "

There is nothing in the above section that declares a deed not properly acknowledged and recorded shall be void; but, on the other hand, if the requirements of these sections are not met, there is no notice to subsequent purchasers and mortgagees. In fact, a deed conveying real estate that is not acknowledged or recorded is valid between the parties. Section 3428, R. S. Mo. 1939, reads, "No such

[823] instrument in writing shall be valid, except between the parties thereto, . . . until the same shall be deposited with the recorder for record."

"The purpose of the section [3426] being to protect creditors and purchasers, the title vests in the grantee without an acknowledgment as completely as if the formalities of the statute had been complied with." Elsea v. Smith, 273 Mo. 396, 202 S. W. 1071, l. c. 1074.

If a deed without an acknowledgment vests title in the grantee, and, therefore, is valid as between the parties thereto, it necessarily follows that under Section 3433, supra, a power of attorney to convey real estate that is not acknowledged is valid between the grantor and the grantee.

Under the facts of this case, the conveyance of the land in question is valid between Johns Hopkins University and its grantee, C. O. Barks. It follows that C. O. Barks' grantee, Boss H. P. Bennett, had an interest in this land, and, therefore, was entitled to redeem under Section 11145, supra.

To sustain his writ of mandamus, appellant relies upon our case of Miller v. Corpman, 301 Mo. 589, 257 S. W. 428. That case was a suit to quiet title and while there was a deed purporting to have been executed under a power of attorney, yet the record failed to show any instrument authorizing the attorney in fact to convey the land in question. We held that since there was no power of attorney, the deed did not convey any interest in the land. The record in this case shows there was a power of attorney, though it lacked an acknowledgment. That case is not in point.

Before the appellant would be entitled to a writ of mandamus, he must show a clear legal right to compel performance of the particular act. The writ will not lie to establish a legal right, but its office is to enforce one which has already been established. The legal right of appellant "or relator to the performance of the particular act of which performance is sought to be compelled must be clear and complete." 38 C. J. 582, sec. 56.

Appellant has failed to sustain a legal right to the execution of the deed in question by respondent, and it follows that the judgment of the trial court should be affirmed. All concur.