STATE OF MISSOURI, EX REL. JESSE H. WILKINS, Appellant, v. J. H. KING, Collector of the Revenue of New Madrid County, Missouri. —No. 39411.—189 S. W. (2d) 981.

Division Two, October 1, 1945.

Motion for Rehearing or to Transfer to Banc Overruled, November 5, 1945.

502

H. C. Riley and Merrill Spitler for appellant.

*Edward F. Sharp* and *Hal H. McHaney* for respondent.

BOHLING, C.—Mandamus. Relator seeks a deed under the Jones-Munger delinquent tax law (Laws 1933, p. 425 et seq.) from the Collector of Revenue of New Madrid county (Laws 1933, p. 438, Sec. 9957) to 98.16 acres in the Southeast quarter, East of Little river, of Section 4, in Township 22 North, Range 13 East, New Madrid county, Missouri. The broad issue for determination is whether the beneficiary (endorsee) of a note secured by a deed of trust on real estate may redeem (Laws 1933, p. 437, Sec. 9956a) the land from a sale had under the Jones-Munger delinquent tax law where an action for delinquent taxes prior to the effective date of the Jones-Munger law failed to name the then holder of said note as a party defendant (he being unknown to the tax collecting authorities or their attorneys) but named "the last owner of record as shown by the county . . . records at the time the suit was brought" (R. S. 1929, Sec. 9953), when said owner of record had departed this life prior to the institution of said tax suit. We think the court's denial of a peremptory writ of mandamus proper and its action should be affirmed.

J. H. Enright is the common source of title. June 15, 1928, he made, executed, and delivered a deed of trust to G. C. Hill, trustee for George W. Hobbs, upon the land to secure his $3,500 note, due and payable on June 15, 1938. This deed of trust was duly recorded. On June 8, 1932, George W. Hobbs, the named payee died; he previously having endorsed and transferred the said note. More than two months thereafter, on August 13, 1932, the State of Missouri, acting through the Collector of New Madrid county, instituted an action for taxes delinquent on said land, naming as defendants, so far as material, J. R. Enright, G. C. Hill, Trustee for George W. Hobbs, and George W. Hobbs. Non est returns having been made, proof of service by publication was shown as to defendants J. R. Enright, G. C. Hill, Trustee for George W. Hobbs, and George W. Hobbs. The tax suit then proceeded to judgment and, according to the execution, the land was sold December 10, 1934, to one Steel. Neither the Collector nor his attorney had personal knowledge that the land was owned by J. H. Enright or that George W. Hobbs had died prior to the institution of the delinquent tax suit. The land was next sold for de-

linquent taxes under the Jones-Munger law on November 1, 1937. Jesse H. Wilkins, relator here, was the purchaser for $46.00. The E. B. Gee Land Company became the owner of said ▮▮▮ Enright $3,500 note and deed of trust sometime in 1936 and on October 29, 1939, within the time allowed for redemption (Sec. 9956a, supra) paid to the County Collector for the use of the purchaser the full amount of the purchase price, taxes, et cetera, as required for redemption. The Collector tendered the money to Mr. Wilkins. He refused to accept it, and immediately instituted this action in mandamus to compel the execution and delivery of the Collector's deed to the real estate.

▮▮ Relator argues that, since the tax collecting authorities representing the State did not know of Hobbs' death at the time of instituting or during the pendency of the suit for delinquent taxes in 1932-1934, and since the suit was instituted and prosecuted as R. S. 1929, Sec. 9953, specifically provided, i. e., that "all actions commenced under the provisions of this chapter [the chapter relating to 'Taxation and Revenue'] shall be prosecuted . . . against the owner of the property, if known, and if not known, then against the last owner of record as shown by the county . . . records at the time the suit was brought"; the law was complied with and all right of redemption evidenced by the $3,500 note and deed of trust was cut off by the delinquent tax judgment sale in 1934. This may work out all right under given facts wherein suit is not instituted and judgment not taken against a dead man. Relator's cases, as we read them, involved actions instituted against the living (Edwards Land & Timber Co. v. Richards, 349 Mo. 758, 163 S. W. 2d 581; Gee v. Bullock, 349 Mo. 1154, 164 S. W. 2d 281) or persons who were joined on account of some provision of law but, having thereafter died, were considered not necessary parties to the judgment (Arnett v. Williams, 226 Mo. 109, 119, 125 S. W. 1154, 1157; Crook v. Tull, 111 Mo. 283, 287(I), 20 S. W. 8(1). But the provision of Sec. 9953 relied upon by relator has been held inapplicable in instances wherein the person sued, the "last owner of record," had departed this life prior to the institution of the suit; the issue being disposed of in Wengler v. McComb (Mo.), 188 S. W. 76, 78[1], as follows: "Fourteen years before the institution of the back tax suit herein Henry W. Werth had died. The court therefore acquired by this proceeding no jurisdiction over the subject-matter by the institution of this suit. Its proceedings were a mere nullity, and the judgment resulting therefrom was void, and as such subject to attack collaterally or directly in any form or forum where its validity was sought to be asserted. [Citing authority.]" Koch v. Jenkins (Mo.), 300 S. W. 469, 472[1]; Crosley v. Hutton, 98 Mo. 196, 11 S. W. 613. Service of process was never had upon Hobbs. Neither his heirs nor his assignees are bound by reason of the judgment rendered against him in the action.

■ As pointed out, the efforts of the noteholder, the E. B. Gee Land Company, to redeem occasioned this proceeding in mandamus against the County Collector. Relator says the only possible right in the noteholder was the right to redeem (citing Harrell v. Surface (Mo. App.), 165 S. W. 2d 322, 328[2] and cases there cited) and argues that this right of redemption stands barred by laches. We find no mention of laches in any pleading. Re Noell, 234 Mo. App. 1162, 1171, 96 S. W. 2d 213, 219[7]. The sale under the tax judgment occurred in 1934. The sale under the Jones-Munger act occurred November 1, 1937. The effort to redeem was made October 29, 1939. So far as disclosed by this record, the note became due and payable after the sale under the Jones-Munger act and not until June 15, 1938. The efforts to redeem were within a year and a half thereafter and within the statutory time for redemption (quoting): "The owner or occupant . . . or any other persons having an interest therein, may redeem the same at any time during the two years next ensuing, in the following manner: . . . " Laws' 1933, p. 437, Sec. 9956a. From what we have said the E. B. Gee Land Company had a sufficient interest for the purpose of redemption. The sufficiency of the tender to redeem stands unquestioned. The defense of laches has no application.

No error is established. The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.