HARLAN B. DAVIS v. SAMUEL P. JOHNSON, Appellant.—No. 40457.—208 S. W. (2d) 266.

Division One, February 9, 1948.

*John M. Belisle* and *Ralph P. Johnson* for appellant.

*Edwin W. Mills* and *Lee E. Crook* for respondent.

[267] HYDE, J.—This is an action in equity to set aside a deed of the collector of St. Clair County conveying 80 acres of land to defendant Johnson under a Jones-Munger Law tax sale. [Sec. 11108 et seq. All references are to R. S. 1939 and Mo. Stat. Ann.] This case was previously heard in this court and reversed and remanded for another trial. [Davis v. Lynn, 354 Mo. 1181, 193 S. W. (2d) 609.] At the second trial, the court set aside the deed and defendant has appealed.

The court found in its decree that the land was of the reasonable value of $1500.00; that defendant Johnson (now the only defendant and hereinafter referred to as such) bought it at the 1941 tax sale for $127.50; and that this was grossly inadequate. The court further found that for many years prior to the sale plaintiff Davis (now the only plaintiff and hereinafter referred to as such) was in open, continuous and peaceful possession of the land and made valuable improvements thereon, which facts were known to defendant; that plaintiff was now the sole owner; and that he had deposited in court the sum of $199.26 which was the total amount due defendant for his payment, interest and subsequent taxes. The court also found the rental value of the land to be $75.00 per year, which it required defendant to pay, and ordered restitution of the land to plaintiff.

Defendant does not contend that the evidence was insufficient to support these findings.

Defendant says the only question involved on this appeal is whether plaintiff. had an interest in the land, at the time this action was commenced, which would entitle him to redeem it from a tax sale under the Jones-Munger tax law; and, if not, whether he would be entitled to maintain this suit by later acquiring an interest from the record owner. The following facts, relevant to this issue, are shown by the record: Prior to 1925, plaintiff owned the land subject to a $1300.00 mortgage. During that year he sold it to Frank Lynn and Edna Lynn, husband and wife. They executed a note for $1500.00 secured by a trust deed on the land, made to W. S. Martin, a banker, who handled the transaction. The note was later sold to Jennie R. Prowell and plaintiff was required to endorse it. Most of the proceeds went to pay plaintiff's prior mortgage debt. The Lynns never lived on the land; and a few years later Lynn "was practically broke" and abandoned the farm. He died in 1939. Before that time plaintiff had taken possession to protect his endorsement, rented the land for five years, then farmed it himself and finally used it to pasture his cattle. He paid all the interest on the note and paid the taxes until the depression. He was in possession for 12 to 15 years prior to the tax sale in 1941; and about 1931 built a new barn costing $400.00. Later the house was damaged by wind, so he took it down and sold the lumber.

In 1938, the land was sold for delinquent taxes of 1931 to 1935 inclusive. Plaintiff was the purchaser at the tax sale and received a certificate but never got a deed. Defendant bought at the sale in 1941, for delinquent taxes of 1936 to 1940 inclusive, receiving a certificate then and obtaining the deed, herein set aside, on November 11, 1943. In the meantime, plaintiff had remained in possession and paid the taxes due in 1941 and 1942, without knowledge of the sale. This suit was commenced February 8, 1944 after defendant took possession of the land. The administratrix of Jennie R. Prowell was an original party plaintiff and Edna Lynn was made a defendant. Since we remanded the case, plaintiff has paid the note to the Prowell estate and has obtained a quitclaim deed from Mrs. Lynn.

Defendant relies on Wahl v. Murphy (Mo. Sup.), 99 S. W. (2d) 32; Hobson v. Elmer, 349 Mo. 1131, 163 S. W. (2d) 1020; and De-Tienne v. Peters, 354 Mo. 166, 188 S. W. (2d) 954. In the DeTienne case, plaintiff was a complete stranger to the title and had paid less for the interest of the heirs, from•whom he purchased after the tax sale, than defendant bid at the sale. Moreover, this was a third sale under Section 11130 which provides "there shall be no period of redemption from such sales." In the Hobson case, the plaintiff was the holder of a trust deed [268] (securing a note) executed after the tax sale at which defendant had purchased and received certifi-

cates, but before a deed was made by the collector. The basis of the decision was that the defendant's rights under the sale had accrued before plaintiff acquired any interest. Apparently this was also a third sale situation. The Wahl case did not involve the Jones-Munger law, but ruled on redemption from a sale for drainage assessments. There the plaintiff brought suit against the landowner, who died while the suit was pending; and, therefore, he never did get a lien on his land, but only the allowance of a claim against his estate.

It is apparent that these cases each presented a very different situation than does this case. Section 11145 provides that "the owner or *occupant of any land* or lot sold for taxes, *or any other persons having an interest therein,* may redeem the same." (Our italics.) This undoubtedly means an occupant having some interest therein, whose rights might be affected by transfer of ownership. It might include a lessee. It does include the holder of a trust deed. [State ex rel. Wilkins v. King, 354 Mo. 501, 189 S. W. (2d) 981.] Plaintiff was certainly an occupant of the land whose rights would be affected by a transfer of ownership. In fact, his occupation and control, if under a claim of ownership, would have been sufficient to show title by adverse possession. Mrs. Lynn, who had the record title, never exercised any rights of ownership and has since conveyed the record title to plaintiff. In State ex rel. and to the Use of Crites v. Short, 351 Mo. 1013, 174 S. W. (2d) 821, we upheld the right of redemption of a grantee of one who took under an unacknowledged quitclaim deed, although both deeds were made after sale but prior to the time when the purchaser became entitled to a collector's deed. While plaintiff herein did not get a deed until after this suit was commenced, we think he had sufficient interest prior thereto to come within the above quoted portion of Section 11145 providing who shall have the right to redeem. Plaintiff was an occupant of the land under a claim of right to protect his obligation on an encumbrance equal to the full value of the land. He was attempting to make it pay the interest thereon and he did pay more on the debt than the land produced. As between himself and the Lynns, plaintiff was a surety; and he certainly had rights of subrogation against the security, which they gave for this debt, at least in equity. [See Krebs v. Bezler, 338 Mo. 365, 89 S. W. (2d) 935 and cases cited.] We hold that plaintiff was entitled to redeem and, therefore, he was a proper party to maintain this action.

The decree and judgment is affirmed. All concur.