STATE of Missouri ex rel. Leo L. PISA-REK and June L. Pisarek, Relators,

v.

The Honorable Donald E. DALTON, Judge, Circuit Court of the 11th Judicial Circuit, for the State of Missouri, St. Charles, Missouri, Respondent.

No. 38093.

Missouri Court of Appeals, St. Louis District, Division Four.

April 5, 1977.

Ernest L. Keathley, Jr., St. Louis, for relators.

Reginal P. Bodeux, Paul F. Niedner, Niedner, Moerschel, Ahlheim & Bodeux, St. Charles, for respondent.

ALDEN A. STOCKARD, Special Judge.

This is an original proceeding in mandamus brought by Leo L. and June L. Pisarek, husband and wife, to compel the respondent judge to vacate his order dismissing Counts IX, X and XI of their petition wherein they sought damages for breach of a contract. We issued our alternative writ, but we now conclude it was improvidently granted.

In Count I of their petition plaintiffs alleged that they entered into a contract with the Alfred Schroeder Development Co., Inc. (there were other defendants named but that is immaterial to this proceeding) whereby it agreed to construct for plaintiffs a dwelling house according to certain plans and specifications for the sum of $32,639.10, but that defendant breached the

contract in that the house had nineteen defects, described in the petition, and that by reason of said breach plaintiffs sustained damages in the amount of $7,000.00. Count II, in the alternative to Count I, alleged a breach of implied warranty of fitness.

In Count IX plaintiffs alleged that in order to pay the expenses of making the needed repairs and to correct the defects in construction, they were required to borrow $5,000.00 at an annual rate of 7%, and as a result they were further damaged in the amount of $1,400.00, the amount of interest they were required to pay. Judgment was sought in that amount.

Count X, in the alternative to Count IX, alleged a claim for the same item of interest based on the theory of a breach of implied warranty of fitnesses, as alleged in Count II.

In Count XI plaintiffs sought punitive damages. They alleged that after they notified the contractor of the existence of the defects, promises and assurances were made that the defects would be corrected which at the time made were not intended to be kept, and that relying on said promises and assurances plaintiffs did not timely exercise their privilege under the Truth in Lending Act to cancel the deed of trust on said property securing a note in the amount of $13,000.00, but that they subsequently paid the note and were thereby damaged in the amount of $13,000.00. Plaintiffs prayed for punitive damages in the amount of $80,-000.00.

■ The traditional function or purpose of the writ of mandamus is to enforce, not establish, a claim of right, *State ex rel. and to use of Crites v. Short*, 351 Mo. 1013, 174 S.W.2d 821 (1943), or as frequently stated, to execute, not to adjudicate. *State ex rel. Phillip v. Public School Retirement System of City of St. Louis*, 364 Mo. 395, 262 S.W.2d 569 (banc 1953). The general rule is that "to warrant control by mandamus, there must be an existing, clear, unconditional, legal right in relator, and a corresponding present, imperative, unconditional

duty upon the part of respondent, and a default by respondent therein." *State ex rel. Public Service Commission of Missouri v. Missouri Pacific R. Co.*, 280 Mo. 456, 218 S.W. 310, 311 (banc 1919). Without attempting to determine whether relators' claim would otherwise be within the scope of mandamus as briefly outlined, the writ of mandamus will not be issued when there is an adequate ordinary remedy, and particularly so when that remedy is by way of appeal. *State ex rel. Keystone Laundry and Dry Cleaners, Inc. v. McDonnell*, 426 S.W.2d 11 (Mo.1968); *State ex rel. M. B. v. Brown*, 532 S.W.2d 893 (Mo.App.1976); *State ex rel. Crites v. West*, 509 S.W.2d 482 (Mo.App.1974).

■ Mandamus does not ordinarily lie to review the sufficiency of pleadings and the rulings relating thereto. 52 Am.Jur.2d Mandamus § 334; 55 C.J.S. Mandamus § 85. The only exception is where appellate review is not adequate. See for example, *State ex rel. Broglin v. Nangle*, 510 S.W.2d 699 (Mo. banc 1974); *Holtz v. Superior Court of City & Co. of San Francisco*, 3 Cal.3d 296, 90 Cal.Rptr. 345, 475 P.2d 441 (banc. 1970). Whether another remedy is adequate is a matter for the court's discretion. *State ex rel. Roberts v. Wilson*, 221 Mo.App. 9, 297 S.W. 419 (1927).

In the chapter on mandamus in MoBar CLE Missouri Appellate Practice and Extraordinary Remedies, 2d Ed., § 8.3, it is stated that the courts "are extremely reluctant to infringe upon the normal appellate process by extending the scope of any extraordinary legal remedy," and that the courts "believe that generally the normal appellate process is adequate and best serves the purpose of the judicial process." It is further stated that "if extraordinary legal remedies were allowed to override the normal appellate process where the usual appeal would function to obtain justice, confusion if not chaos would be generated."

■ When the trial court dismissed Counts IX, X and XI it did not designate its order of dismissal a "final separate judg-

ment for purposes of appeal" which it could have done pursuant to Rule 81.06. See *Johnson v. Great Heritage Life Insurance Co.*, 490 S.W.2d 686 (Mo.App.1973); *Title Insurance Corporation of St. Louis v. United States*, 432 S.W.2d 787 (Mo.App.1968). But, the record before this court does not indicate that the trial court refused a request of plaintiffs to so designate its order of dismissal. Ordinarily, mandamus is not available until all ordinary remedies are exhausted, *State ex rel. Scott v. Scearce*, 303 S.W.2d 175 (Mo.App.1957), and if plaintiffs had requested, or should now request, the dismissal order to be so designated we see no positive barrier to its approval. We are not to assume that respondent would not exercise his discretion favorably to such a request. When the order of dismissal is so designated, a complete and adequate remedy is available by way of the ordinary and favored process of appeal.

Our alternative writ was improvidently granted. It is therefore discharged and the peremptory writ is denied.

SIMEONE, C. J., and NORWIN D. HOUSER, Special Judge, concur.