STATE of Missouri ex rel. Ira GLADFELTER and Barbara Gladfelter, Appellants,

v.

J. Joseph LEWIS, Director, Missouri Department of Social Services, Division of Family Services, Jackson County Office, Respondent.

No. WD 30802.

Missouri Court of Appeals, Western District.

March 3, 1980.

William Robert Merryman, Kansas City, for appellants.

Robert R. Northcutt, Division of Family Services, Jefferson City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The relators Gladfelter appeal from the adverse judgment on their petition for mandamus to command the Director of the Jackson County Office of the Division of Family Services [the respondent Lewis] to disclose certain official records. The circuit court determined that suit, although nominally against the local office, was to give effect to a regulation promulgated by the Missouri Division of Family Services, and so was actually against an executive department head of the State. On that premise, the court adjudged that venue lay properly in Cole County and dismissed the petition.

The action was prompted by a complaint with the Jackson County Office of the Division of Family Services which alleged child abuse and neglect against the relators. The agency conducted an investigation and made recommendations concerning the familial status. The relators requested thereupon that the identity of the complainant be revealed, but the agency refused.

The relators contend they are entitled to the disclosure by the terms of the exception to § 210.150, RSMo Supp.1975:

1. All reports and records made pursuant to sections 210.110 to 210.165 and maintained by the division, its local offices, the central registry, and other appropriate persons, officials, and institutions pursuant to sections 210.110 to 210.165, shall be confidential. Information shall not be made available to any individual or institution except to:

.    .    .    .    .

(3) Any person who is the subject of a report, or the guardian of such person when he is a minor, or who is mentally ill or otherwise incompetent.

An alternative writ of mandamus issued to compel respondent Lewis, as Director of the Jackson County office, to comply with the duty by law to make disclosure to the natural parents, or to show cause to the contrary.

The respondent Lewis moved dismissal on the contention that venue properly lay in Cole County. He asserted, alternatively, that the refusal to divulge was by prescription of departmental regulation [13 CSR 40–31.020] that "[u]nder no circumstances shall identifying information regarding the reporter of the abuse or neglect be released." The respondent asserted that, whatever the terms of § 210.150, he was

bound to administer the policy of the department as promulgated by the executive regulation, and thus the relators intended implicitly that department executive—sited in Cole County—respond to the petition. The dismissal sustains these contentions.

The mandamus remedy was properly denied, not for want of a necessary venue, but for want of a justiciable controversy stated. The petition asks that the writ compel the respondent local Director to execute the exception to the child abuse statutes [§ 210.150 subd. 1(3)]—which permits divulgence of reports, otherwise made confidential, to the natural guardian of a minor subject—rather than the [ostensibly contradictory] departmental regulation [13 CSR 40–31.020]—which forbids altogether disclosure of the person who reports the child abuse. In effect, the petition seeks adjudication that the regulation contradicts the statute, but that the statute supersedes, and so governs.

The office of mandamus, however, is to execute and not to adjudicate; it coerces the performance of a duty already defined by law. *State ex rel. Phillip v. Public School Retirement System,* 364 Mo. 395, 262 S.W.2d 569, 573[1] (1953). Correlatively, the writ of mandamus compels a legal right already established, but does not establish a legal right. *Yefremko v. Lauf,* 450 S.W.2d 462, 464[2–5] (Mo.App.1970). A petition in mandamus which requires the court to invalidate a statute as an antecedent to the definition of a legal duty, and thus to the enforcement of a clear right, does not plead a justiciable controversy for that remedy.

> [M]andamus lies only to enforce a plain ministerial duty, and . . . since a plain ministerial duty cannot exist which is made to appear only by declaring a statute unconstitutional, the writ will not issue if it is necessary in order to fix upon the respondent the duty sought to be enforced to declare a statute in conflict with such alleged duty unconstitutional. *State ex rel. Seigh v. McFarland,* 532 S.W.2d 206, 209 (Mo.banc 1976).

The petition, which requires the respondent administrator to prefer the duty of the statute to the duty of the regulation, although bound by them equivalently,[1] renders the right of the relators for access to the information—and thus the duty to disclose—doubtful. Mandamus does not issue on doubt or condition. *State ex rel. Pisarek v. Dalton,* 549 S.W.2d 904, 905[1, 2] (Mo. App.1977).

An ordinary remedy, complete and adequate, to adjudicate the validity of the administrative regulation is by § 536.050(1) or (2), RSMo Supp.1978 as the case requires. That additional reason dispels any claim by the relators to the extraordinary mandamus procedure. *State ex rel. Pisarek v. Dalton,* supra, l.c. 905[1, 2].

The judgment is affirmed.

All concur.

---

1. The regulation was a promulgation of the Division of Family Services under the explicit authority of § 207.020, RSMo Supp.1977, "to carry out the provisions of [the] chapter." As such, unless judicially or legislatively annulled, the regulation has the effect of a legislative enactment. *State ex rel. Danforth v. Riley,* 499 S.W.2d 40, 44[6] (Mo.App.1973); 1 Cooper, State Administrative Law, p. 264 (1965).