**Marilyn LEISTNER, Trustee of the Disincorporated City of Times Beach, Mo., Plaintiff-Respondent,**

v.

**Roy POWELL and Genevieve Powell, Defendants-Appellants.**

**No. 53276.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 1, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied
April 6, 1988.

Application to Transfer Denied
May 17, 1988.

J.B. Carter, Kirkwood, for defendants-appellants.

Jane Adams–Nangle, Susan Nell Rowe, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Roy and Genevieve Powell appeal from an order of the trial court dismissing their exceptions to a commissioners' award in a condemnation proceeding.

Plaintiff is the trustee of the disincorporated City of Times Beach, Missouri. As trustee, she is empowered to condemn property as required on behalf of the disincorporated city because the release of a hazardous substance has endangered public health and welfare. § 260.481.1–2,

RSMo 1986. By virtue of this authority she filed suit to condemn various properties within the former limits of the city.

In the condemnation petition, plaintiff sought fee simple title to property labelled "parcel four." Plaintiff alleged the following persons owned or possessed legal rights in parcel four:

JOHN R. SCHULZ, SR. as the owner of fee simple title; IDA CHRISTINE SCHULZ also known as IDA CHRISTINE HARNETZ pursuant to a judgment lien entered in Cause No. 433087 of the Circuit Court of St. Louis County, Missouri; ROY POWELL and GENEVIEVE POWELL, his wife, pursuant to a St. Louis County, Missouri, tax sale on August 26, 1985; GEORGE C. LEACHMAN, Collector of Revenue for St. Louis County, Missouri ...

The petition was filed on November 10, 1986, and the order of condemnation was entered on March 11, 1987. On April 14 the commissioners' report was filed, setting the damages to parcel four at $800.00. Notice of the award of damages was filed on April 20, and notice that payment of the award had been deposited with the court was filed April 23.

The Powells filed exceptions to the award on April 28, claiming the award was inadequate and requesting a jury trial on damages. On April 30 the Powells also filed a motion for distribution, in which they claimed they were entitled to the entire award and asked that it be distributed to them.

Plaintiff filed a motion to dismiss the exceptions. In it she stated that the Powells' interest in the parcel arose when they purchased it in a tax sale from St. Louis County, obtaining a tax sale certificate on August 26, 1985, and that she redeemed their interest on April 30, 1987. At the hearing on the motion, plaintiff relied on a title commitment to the parcel and a certificate of redemption, which were admitted into evidence. Based on the arguments and the evidence, the court granted plaintiff's motion.[1]

On appeal the Powells contend the court erred in dismissing their exceptions. They argue once plaintiff obtained full title to the property by condemnation the right to redeem was extinguished; therefore, the purported redemption by plaintiff was void.

We agree. A condemnor obtains the right of ownership of property on the date when the amount of the commissioners' award is paid into the court. *State ex rel. Washington University Medical Center Redevelopment Corp. v. Gaertner,* 626 S.W.2d 373, 375 (Mo. banc 1982). Plaintiff acquired fee simple title to the parcel on April 23, and the right to redeem ended on that date. The case cited by plaintiff, *In re County of Nassau,* 24 N.Y.2d 621, 301 N.Y.S.2d 564, 249 N.E.2d 426 (1969), supports the Powells' position; logic supports their position also. On April 23, 1987, the right of the title holder or any interested person to redeem was forever barred by the condemnation. At oral argument plaintiff virtually admitted the right to redemption did not exist on the date of the purported redemption on April 30, 1987. Thus, the court erred in dismissing the exceptions on that basis.[2]

---

**1.** When matters outside the pleadings are presented to and not excluded by the trial court on a motion to dismiss, it is to be treated as a motion for summary judgment. Rule 55.27(b); *Black Leaf Products Co. v. Chemsico, Inc.,* 678 S.W.2d 827, 829 (Mo.App.1984). We treat plaintiff's motion as one for summary judgment. In reviewing the rendition of a motion for summary judgment the appellate court must scrutinize the record in the light most favorable to the party against whom summary judgment was rendered, and resolve all doubts in favor of that party. *Eugene Alper Construction Co. v. Joe Garavelli's of West Port, Inc.,* 655 S.W.2d 132, 135 (Mo.App.1983). Summary judgment is proper only when the court determines from the record that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law. *Id.*

**2.** Plaintiff cites cases wherein a purchaser subsequent to a tax sale can redeem. *State ex rel. Crites v. Short,* 351 Mo. 1013, 174 S.W.2d 821 (1943) (one who acquires title after tax sale entitled to redeem), *State ex rel. Wilkens v. King,* 354 Mo. 501, 189 S.W.2d 981 (1945) (holder of deed of trust acquired after tax sale entitled to redeem). Neither case involved a change of title by condemnation.

Plaintiff makes other arguments that she contends provide a basis for affirming the trial court's decision. While we can affirm a case if the trial court reached the right result but for the wrong reason, *see Taylor & Martin, Inc. v. Hiland Dairy, Inc.*, 676 S.W.2d 859, 869 (Mo.App.1984), we have considered plaintiff's arguments and conclude that the issues she raises involve the rights of the other parties and were not presented to the trial court or properly briefed or argued in this court.

Reversed and remanded.

GARY M. GAERTNER, P.J., and CRIST, J., concur.