Arthur **BROWN** and Curators of the University of Missouri, Appellants,

v.

**BOARD OF ZONING ADJUSTMENT OF KANSAS CITY, Missouri and Diastole–Hospital Hill, Inc., Respondents.**

**No. WD 41726.**

Missouri Court of Appeals, Western District.

Oct. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 2, 1990.

Application to Transfer Denied Feb. 13, 1990.

Irving Achtenberg, Kansas City, for Arthur Brown.

Peter T. Niosi, Kansas City, Robert L. Ross, Columbia, for Curators of University of Missouri.

Kathleen A. Hauser, Kansas City, for Bd. of Zoning Adjustment.

Christopher J. Anderson, Kansas City, for Diastole–Hosp. Hill, Inc.

Before NUGENT, C.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Arthur Brown, appeals from a decision of the Board of Zoning Adjustment of Kansas City, Missouri (BZA). Respondent BZA granted variances to respondent Diastole–Hospital Hill, Inc., (Diastole) from the zoning ordinance of Kansas City, Missouri. Brown appealed the decision of the BZA to the Circuit Court of Jackson County which affirmed the BZA's decision. Appellant Brown now seeks review of the BZA's decision in this court.

On April 8, 1988, Diastole filed its Application before the BZA requesting certain variances from the zoning ordinance of Kansas City for property located at 2500 Charlotte in Kansas City, Missouri. The Application requested three specific variances consisting of: (1) a side yard variance of fifteen feet, (2) a rear yard variance of thirty feet, and (3) a parking variance of twelve spaces. Diastole proposed to build a 48–seat community center on the subject property.

Diastole is a not-for-profit corporation formed for the purpose of providing a scholar center for the use of the University of Missouri at Kansas City. Appellant Brown owned the property adjacent to the subject property to the south.

Subsequent to the filing of this appeal by Brown, the Curators of the University of Missouri (Curators), the governing body of the University, were joined as appellants. The Curators have pending a Petition in Condemnation in regard to the property of Brown. On July 10, 1989, the award of the condemnation commissioners was paid into court and an order was entered by the Court that Brown's land stand appropriated for the public use alleged in the Curator's

Petition. It was further ordered, "that all rights, title and right of possession and use of [Brown's property] be and the same are now vested in [Curators]". Brown was ordered to deliver possession of the property to the Curators. He filed exceptions to the Commissioner's award and had previously filed a motion to dismiss alleging that the Curators sought to take private property for private use in violation of Article I, Section 28 of the Missouri Constitution, and the 14th Amendment to the Constitution of the United States. Brown's motion to dismiss was denied by the trial court and the condemnation action is now pending in the Jackson County Circuit Court on the exceptions to the Commissioner's award.

The Curators argue that appellant Brown no longer has standing to pursue this appeal because he is not an aggrieved person and further that Brown is not the real party in interest. The Curators request that the appeal be dismissed.

Appellant Brown argues that his rights to the property have not been fully exhausted. He argues that even though his motion to dismiss was denied, he still has the right to appeal the ruling on his motion when a final judgment is entered in the condemnation action.

■ Lack of jurisdiction in a condemnation action can be attacked by a motion to dismiss. An order overruling such a motion is interlocutory only and not subject to appeal until there is a final judgment of condemnation. *State ex rel. State Highway Commission v. Hammel*, 290 S.W.2d 113, 117 (Mo.1956). Lack of jurisdiction in a condemnation action can also be attacked by prohibition. *State ex rel. Weatherby Advertising v. Conley*, 527 S.W.2d 334, 342 (Mo. banc 1975).

■ Under Missouri law, when the condemnor pays the amount of the commissioner's award into the court registry, it becomes the owner of the property. *St. Louis Housing Authority v. Barnes*, 375 S.W.2d 144, 147 (Mo.1964); *Leistner v. Powell*, 748 S.W.2d 822, 823 (Mo.App.1988). A motion to dismiss will preserve the question of jurisdiction for appellate review, but in the event the motion is overruled by the trial court, ownership of the property is transferred under Missouri law regardless of the fact that the question of jurisdiction is still subject to appellate review.

Generally a party is aggrieved when judgment operates prejudicially and directly on his personal or property rights or interest and such is an immediate and not merely a remote possible consequence. *Hertz Corp. v. State Tax Comm'n.*, 528 S.W.2d 952, 954 (Mo. banc 1975). Furthermore, under Missouri law, an action must be prosecuted by the real party in interest with certain exceptions. Rule 52.01. Appellant Brown does not qualify for any of the exceptions under the Rule.

■ Appellant Brown's standing to appeal is predicated on § 89.110, RSMo 1986, which in pertinent part reads as follows:

Any person or persons jointly or severally aggrieved by any decision of the board of adjustment ... may present to the circuit court of the county and city in which the property affected is located a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality.

Under Missouri decisions interpreting this statute, to gain standing as an aggrieved person a specific and legally cognizable interest in the subject matter of the administrative decision must be demonstrated in addition to a showing that the person is directly and substantially affected by the decision. *Stickelber v. Board of Zoning Adjustment*, 442 S.W.2d 134, 137 (Mo.App. 1969).

An adjoining, confronting or nearby property owner has standing to assert the right of review of an administrative decision affecting their property. *Allen v. Coffel*, 488 S.W.2d 671, 675 (Mo.App.1972). However, appellant Brown is no longer an adjoining, confronting or nearby property owner by virtue of the condemnation action.

As of July 10, 1989, the date the commissioners award was paid into court, the Curators became the owners of Brown's property with the right to take possession of

**658**

the property. Upon the transfer of title by condemnation, the Curators became the real party in interest in the case at bar and as such have the right to dismiss this appeal. Brown is no longer aggrieved by the action of the BZA because ownership in his property has been transferred in condemnation to the Curators.

 By virtue of his motion to dismiss in the condemnation action, Brown does retain the possibility of regaining ownership of the property but this mere possibility is not sufficient to give him standing in the case at bar as an aggrieved party. In the event that Brown is successful in attacking jurisdiction on appeal of the condemnation action, he would then be entitled to seek damages against the Curators for any harm resulting from their abandoning this appeal.

Pursuant to the request of the Curators, this appeal is dismissed.

All concur.