THE STATE ex rel. PUBLIC SERVICE COMMISSION v. MISSOURI PACIFIC RAILROAD COMPANY and ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Appellant.

In Banc, January 26, 1920.

1. **MANDAMUS: When Maintainable.** In order to warrant control by mandamus there must be an existing, clear, unconditional legal right in relator and a corresponding present, imperative, unconditional duty upon the part of respondent, and a default by respondent therein.

2. ———: ———: **Power of Public Service Commission: Interlocking Plants.** The Public Service Commission has power to compel the installation by railroad companies of interlocking plants at proper places and on terms which are just and reasonable. But where the order of the Commission requires one of two companies to do the actual work of constructing the interlocking plant, and assesses 75 per cent of the cost against the other and says its portion of the cost shall be paid in monthly installments, no duty rests upon such other company to pay until the plant is constructed, and as the plant has not been constructed it is not in default and the court cannot by mandamus compel it to construct the plant; but the object of the order is to be attained by a writ against the company directed to make the improvement.

3. ———: **Railroad Interlocking Plant: Right to Enter Upon Right-of-Way.** The order of the Public Service Commission directing two railroad companies to construct and maintain an interlocking plant at a designated point, and requiring one of them to do the actual work of construction, is sufficient to give said company access to the right-of-way of the other for the purpose of constructing the plant, and no express mention of its right to enter upon the right-of-way for that purpose is necessary; and therefore it is not necessary that such other company be made a party to a writ of mandamus which seeks to compel the construction of the plant.

4. ———: ———: Apportionment of Costs: Contrary to Contract: Judicial Matters Between Themselves. An order of the Public Service Commission directing two railroads companies to construct an interlocking plant, and requiring one of them to do the actual work of construction, and apportioning 25 per cent of the cost to it and 75 per cent to the other, and requiring such other to pay in monthly installments, being reasonable, must be obeyed, and the one directed to do the actual work of construction will be compelled by mandamus to proceed to make the improvement, but the other is not in default until a monthly installment is due; but it cannot have the order annulled on the ground that there was at the time a subsisting contract between the companies by which they were to share the costs equally, but the question of the apportionment of the costs is more appropriately a matter between the two companies, which may be adjudicated in a proper legal proceeding.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,* Judge.

Affirmed in part; reversed in part.

*W. F. Evans* and *E. T. Miller* for appellant.

(1) Respondent is seeking to enforce its order according to its terms, and the judgment and the peremptory writ follow the alternative writ with the enlargement that the Frisco shall permit, without interference, the Missouri Pacific to perform the work. The writ was improvidently and unlawfully issued against the Frisco in that it was not in default under the order of the Commission, if valid, and because there was neither a present duty on the part of the Frisco to comply with the order, nor was there a present, clear, existing right on behalf of the Commission to the remedy sought against the Frisco. State ex rel. v. Associated Press, 159 Mo. 410; State ex rel. v. McIntosh, 205 Mo. 616; State ex rel. v. Bridge Co., 206 Mo. 134; State ex rel. v. Hudson, 226 Mo. 239; State ex rel. v. Thomas, 245 Mo. 65; State ex rel. v. Gas. Co., 254 Mo. 515; State ex rel. v. Stone, 269 Mo. 334; State ex rel. v. Bank, 174 Mo. App. 589; State ex rel. v. Appling, 191 Mo. App. 589; Northern Pacific v. Dustin, 142 U. S. 492; 26 Cyc. 340; 26 Cyc. 436; Section 64, Missouri Public Service Act, Laws 1913, p. 600. (2) The order of the Commission is unrea-

sonable, arbitrary, unlawful, unjust and oppressive. It should have respected the provisions of the valid contract between the railroad companies. The interests of the public did not require that the contract be disregarded. The public was interested in having an interlocking plant and not in who paid for it. As the parties had agreed on the question of the expense of the construction, maintenance and operation of the plant, the Commission should have left that matter where the parties had placed it. The police power is exercised in the interest of the public safety and not in the attempted destruction of private property rights. Observance of the contract was not inconsistent with the full and complete exercise of the police power. The judgment of the circuit court should have been for this appellant. State ex rel. v. Vandiver, 222 Mo. 206; Tranbarger v. Railroad, 250 Mo. 46; State ex rel. v. Roach, 267 Mo. 315; State ex rel. v. Eastin, 270 Mo. 193; Home Telephone Company v. Sarcoxie Telephone Company, 236 Mo. 114; Wiggins Ferry Company v. Railway, 73 Mo. 389, 128 Mo. 224; Sec. 3106, R. S. 1909; Railroad v. Railroad, 135 Mo. 173; Railroad v. Richmond, 86 U. S. 584; Railway v. Railway, 163 U. S. 564. (3) The order of the Public Service Commission and the judgment of the circuit court upholding it violate Section 15, Article II, Constitution of Missouri, by impairing the obligation of the contract of June 2, 1904; violate Section 21, Article II, Constitution of Missouri, in taking and damaging for public use the property of the Frisco without just compensation; violate Section 30, Article II, Constitution of Missouri, in attempting to deprive the Frisco of its property and of the use thereof without due process of law; violate Section 1, Article XIV, Amendment of the Constitution of the United States in abridging the privileges and immunities of the Frisco, depriving it of its property without due process of law and denying it the equal protection of the law. If Sections 50 and 116 of the Public Service Commission Act attempt to give to the Commission the power upheld by the trial court.

they are to that extent unconstitutional and void when tested by the above constitutional guarantees. State v. Loomis, 115 Mo. 507; State v. Miksicek, 225 Mo. 561; Lochner v. New York, 198 U. S. 45; Cooley on Const. Lim. (5 Ed.) 712.

*A. Z. Patterson* and *James D. Lindsay* for respondent.

(1) The Public Service Commission has the exclusive power to determine and prescribe the manner and the terms of construction, alteration, operation, maintenance, apportionment of expenses, use and protection of each crossing of one railroad by another railroad, and the alteration of any such existing crossing, by the installation of an interlocking plant or other device, and to prescribe the proportions in which the expenses of such alteration, construction or installation, and operation shall be divided between the corporations affected. Secs. 50 and 116, Public Service Commission Act; State ex rel. Ry. Co. v. Public Service Commission, 271 Mo. 270; State ex rel. St. Joseph L., H. & P. Co. v. Public Service Commission, 272 Mo. 645; State ex rel. Chicago & Alton v. Public Service Commission, 204 S. W. 531; State ex rel. v. Public Service Com., 130 App. Div. (N. Y.) 335. (2) The Public Service Commission is not a court, and has no judicial power. It cannot construe, nor can it enforce, the provisions of contracts in private interests. It must exercise that kind of power which has been conferred upon it by statute, and no other, and in the manner provided by statute, and not otherwise. Lusk v. Atkinson, 268 Mo. 109; State ex rel. A., T. & S. F. v. Commission, 192 S. W. 460; State ex rel. United Rys. Co. v. Commission, 270 Mo. 429; State ex rel. Mo. Valley Realty Co. v. Cupples Station L., H. & P. Co., 199 S. W. 151; Augusta v. Lewiston Ry. Co., 114 Me. 24. (3) The power exercised is legislative in character both as to requirement of installation, and as to apportionment of expenses; and the resultant order is of the nature of a law of the State. It is therefore

binding upon the present owners. Grand Trunk Ry. v. Indiana Railroad Com., 221 U. S. 400; Atlantic Coast Line v. Goldsboro, 232 U. S. 555; Wadley Southern Ry. Co. v. Georgia, 235 U. S. 660; Public Service Commission v. Union Pacific Ry. Co., 271 Mo. 258. The power to require the expenses to be incurred, and the power to apportion the expenses, are identical and inseparable. The word, apportionment, as here used, has the same significance as when used in reference to taxation. Cooley on Taxation (3 Ed..), p., 411; Simpson v. Kansas City, 46 Kan. 438. *And the power of apportionment is therefore unlimited, unless it be restrained as a part of the power to assess the expense. Cooley, p. 412; Hagar v. Reclamation District, 111 U. S. 701; Walston v. Nevin, 128 U. S. 578; Glasgow v. Rouse, 43 Mo. 479. (4) The exercises of this power, to require the installation of the interlocking plant in the interest of the public safety, and to require the incurring of the necessary expenses incident thereto, and the coincident making of apportionment of those expenses between the parties involved, cannot be controlled or affected by a contract on the subject in the private interests of the parties. State ex rel. Wabash Ry. Co. v. Public Service Commission, 271 Mo. 270; State ex rel. St. Joseph L., H. & P. Co. v. Commission, 272 Mo. 645; Kansas City Bolt & Nut Co. v. Kansas City L., H. & P. Co., 204 S. W. 1074; Tranbarger v. C. & A., 250 Mo. 46; American Tobacco Co. v. St. Louis, 247 Mo. 374; State ex rel. Sedalia v. Public Service Com., 204 S. W. 497; State ex rel. Fulton v. Public Service Com., 204 S. W. 386; Northern Pacific Ry. Co. v. Duluth, 208 U. S. 583; Chicago, M. & St. P. Ry. Co. v. Minneapolis, 232 U. S. 430; Missouri Pacific Ry. Co. v. Omaha, 235 U. S. 121; New Orleans Gas Light Co. v. Drainage Com., 197 U. S. 453; New York & New England Railroad Co. v. Bristol, 151 U. S. 556. (5) The Frisco is a necessary and indispensable party to this proceeding because the order is, and must be considered as, an entirety, wholly valid and enforceable according to its terms, or wholly

invalid. Authorities under Point 3. And it is so, because the Frisco has an undivided interest in the physical property involved, and in the use of it; the rights and obligations of one company cannot be determined without also, and at the same time, determining the correlative rights and obligations of the other company. Merrill on Mandamus, sec. 243. (6) Both companies being concerned in the separate, but co-operative steps, necessary to attain the complete result sought, are properly joined in the writ of mandamus. A narrow rule of construction is not applicable here. Section 64, and Section 127, Public Service Commission Act; State ex rel. Mo. Southern Ry. v. Public Service Commission, 259 Mo. 704; State ex rel. Missouri Pacific v. Garesche, 202 S. W. 400; State ex rel. Thomas v. Williams, 99 Mo. 291; Labette County Commrs. v. United States, 112 U. S. 217; Bunch v. United States, 252 Fed. 680; Merrill on Mandamus, secs. 235, 243; 18 R. C. L. Mandamus, secs. 36 and 33; State ex rel. v. Robert Jones, 23 N. C. 129.

BLAIR, J.—This is a proceeding by mandamus to compel appellant railways to comply with relator's order that an interlocking plant be installed at the intersection of their lines at Aurora, Missouri.

The order referred to, in so far as material to the issues, reads as follows:

"Ordered: 1. That the St. Louis, Iron Mountain & Southern Railway Company and B. F. Bush, its receiver, and the St. Louis & San Francisco Railroad Company and James W. Lusk, Wm. C. Nixon and Wm. B. Biddle, its receivers, be and they are hereby ordered to construct, maintain and operate an interlocking plant at Aurora, Missouri, in accordance with the plans filed with the Commission within six months after the effective date of this order.

"Ordered: 2. That the actual work of construction, operation and maintenance be carried out by the St. Louis, Iron Mountain & Southern Railway and B. F. Bush, its receiver.

"Ordered: 3. That the cost of construction, maintenance and operation be divided as follows: St. Louis & San Francisco Railroad Company and its receivers, 75 per cent, and the St. Louis, Iron Mountain & Southern Railway Company and its receivers, 25 per cent.

"Ordered: 4. That the St. Louis & San Francisco Railroad's portion of the cost of construction, maintenance and operation of said interlocking plant be paid in monthly installments to the St. Louis, Iron Mountain & Southern Railroad Company.

"Ordered: 5. That this order shall be in full force and effect on and after the 20th day of June, 1916, and that the Secretary of the Commission, shall forthwith serve a duly certified copy of this order and report on each of the parties hereto, and that the parties hereto notify the Commission within ten days after receipt of a copy of said order and report, whether the terms of the order are accepted and will be obeyed."

Appellants are, respectively, the successors of the defendants named in the order. For brevity, relator is hereinafter referred to as the Commission, and appellants as the Missouri Pacific and the "Frisco." The predecessor of the Missouri Pacific accepted the order. The Frisco sued out a writ of *certiorari* in the Cole Circuit Court, which proceeding it subsequently dismissed. Thereafter, appellants took no steps looking to the carrying out of the Commission's order, and that tribunal directed its counsel to institute this proceeding, which was done in April, 1918. Upon a hearing, the circuit court made the alternative writ mandatory, and both companies appealed.

On the hearings before the Commission and in this case in the circuit court the Frisco offered in evidence a contract, dated June 2, 1904, wherein the Iron Mountain, in consideration of a grant of "the right to construct, maintain and operate a single-track main-line railroad over and across" the Frisco right-of-way and railroad at Aurora, agreed, among other things, that whenever an interlocking plant should be required at this crossing, either by the Frisco or by law, the Iron

Mountain would install such plant at its own cost and that the expenses of operation and maintenance should thereafter be borne by the two companies equally.

Appellant Frisco Company contends there is no basis in the evidence for a writ of mandamus against it; that the order of the Commission is invalid in that it unreasonably, arbitrarily and unlawfully ignores and violates the contract between appellants; that it impairs the obligation of that contract, takes and damages its property for public use without just compensation, takes its property without due process of law, abridges its privileges and immunities, and denies it the equal protection of the laws.

The Missouri Pacific, though appealing, aligns itself in support of the order of the Commission and the judgment of the trial court.

I. It is not contended the Commission lacks power to compel the installation of interlocking plants at proper places and on terms which are just as between the companies affected. There seems to be no real opposition to the installation of such plant at Aurora. **Mandamus.** The contention arises over the portion of the order apportioning the expense. That question is not open for determination in this case. So far as concerns the Frisco Company the only duty attempted expressly to be imposed upon it by the order is simply one to pay monthly a named proportion of the expenses of construction, operation and maintenance as they accrue. No duty to pay arises until the Missouri Pacific has proceeded with the work for at least one month. There is nothing expressly required of the Frisco until that time has come. Assuming for present purposes that mandamus would lie to enforce a payment of money which had become due under this order, we do not think it can be held that the record justifies the judgment of the trial court. In order to warrant control by mandamus there must be an existing, clear, unconditional, legal right in relator and a corresponding present, imperative, unconditional duty

464 SUPREME COURT OF MISSOURI.

State ex rel. Pub. Serv. Com. v. Mo. Pac. Ry. Co.

upon the part of respondent, and a default by respondent therein. [State ex rel., v. Associated Press, 159 Mo. 410; State ex rel. v. Thomas, 245 Mo. 65; State ex rel. v. Stone, 269 Mo. 334.] Many other decisions cited in the briefs announce the same doctrine. The duty of the Frisco under the Commission's order is conditioned upon the doing in the future of prescribed things by the Missouri Pacific. Nothing had been done under the order when this proceeding was instituted. The Frisco was not in default.

Respondent cites cases supporting the doctrine that: "All persons concerned in the separate but co-operative steps in the attainment of the result sought may be joined in one writ of mandamus. One writ of mandamus may issue against all the officers concerned in the separate but co-operative steps in the attainment of one result in the performance of a general duty." The cases cited relate to the use of the writ against several public officials whose co-operative, though successive, action is essential to the end sought. This is not such a case. The public is chiefly interested in the crossing protection. The division of expenses more particularly concerns appellants. When the plant is constructed and operated the purpose which constitutes the foundation of the right of the State to interfere is accomplished. This object is covered by the writ against the Missouri Pacific. It does not depend at all upon the payment of the sums which may become due from the Frisco to the Missouri Pacific.

II. It is suggested that the writ was necessary to give the Missouri Pacific access to the Frisco right-of-way for the purpose of constructing the plant. There is no express mention of this in the order of the Commission. None was necessary. The order of the Commission became and is full authority for the Missouri Pacific to proceed to perform its duties thereunder. Under that order, concededly authorized in so far as it directs the construction of the interlocking plant, the Frisco

Access to Right Way.

has no right or authority to deny the Missouri Pacific access to the crossing for the purpose of carrying out the order. The letters which are offered to show a refusal of the Frisco to permit such access were written after this proceeding was begun, and are not, in our opinion, subject to that construction. In brief, they seem to have been designed merely to avoid any admission which might impair the right of the Frisco to continue to insist upon the terms of its contract; and the contract, also, gives the Missouri Pacific the right to enter.

III. In the view we take of the case it is the duty of the Missouri Pacific to proceed with the construction of the plant. In the event the Frisco fails to pay the sums which may become due under the terms of the order of the Commission, the Missouri Pacific can then invoke proper means to collect, if under the law and the facts collection is legally possible. The public is served when the plant is installed. The proper apportionment of expense is rather a matter between appellants. In that proceeding the other questions attempted to be raised in this case may be more relevant to the issues.

**Apportionment of Cost.**

The judgment as to the Frisco is reversed; that as to the Missouri Pacific is affirmed. *Walker, C. J.,* and *Williams* and *Williamson, JJ.,* concur; *Goode, J.,* concurs in the result; *Graves, J.,* concurs in separate opinion; *Woodson, J.,* not sitting.

GRAVES, J. (concurring).—I agree to this opinion in so far as it holds that, under the order of the Public Service Commission, the Frisco is not now, nor was it at the institution of this suit, in default. If the opinion means that at the end of the month (admitting that the Missouri Pacific proceeds with the work under the Commissions' order, and that the Frisco then refused to pay the monthly installments) the Frisco would not be in default, under the order,

30—280 Mo.

and not subject to mandamus by the Public Service Commission, I do not agree to it. My judgment is that both companies must comply strictly with this order, and then if by any contract the appellants, as between themselves, have any different rights, they can litigate that question in a proper forum, in view of what they think are their contract rights. The Public Service Commission is not a court, and has no power to enforce contracts. It has power to deal with interlocking systems (in the public interest) and can apportion the costs by its order. The order, if reasonable, as here, can be enforced. On the other hand, if the railroads have an agreement, the Commission should leave that for court determination as between the parties to the agreement, but that determination should not in any way effect the full performance of the Commissions' order in its fullest detail. Its order is enforceable for public reasons, and under the Commissions Act enforceable by mandamus. The violation of a private contract should be determined afterward. I think my learned brother so writes, but this to make by own views clear. With this explanation, I concur.