## FISHER *v.* HURST, CHIEF JUSTICE, ET AL.

No. 325, Misc.  Decided February 16, 1948.

*Thurgood Marshall, Amos T. Hall, William H. Hastie* and *Marian Wynn Perry* filed a brief for petitioner.

PER CURIAM.

Petitioner moves for leave to file a petition for a writ of mandamus to compel compliance with our mandate

issued January 12, 1948, in *Sipuel* v. *Board of Regents,* 332 U. S. 631. We there said:

"The petitioner is entitled to secure legal education afforded by a state institution. To this time, it has been denied her although during the same period many white applicants have been afforded legal education by the State. The State must provide it for her in conformity with the equal protection clause of the Fourteenth Amendment and provide it as soon as it does for applicants of any other group. *Missouri ex rel. Gaines* v. *Canada,* 305 U. S. 337 (1938)."

Petitioner states that on January 17, 1948, the Supreme Court of Oklahoma rendered an opinion in which it was said:

"Said Board of Regents is hereby directed, under the authority conferred upon it by the provisions of Art. 13–A, Constitution of the State of Oklahoma, and Title 70 O. S. 1941, Secs. 1976, 1979, to afford to plaintiff, and all others similarly situated, an opportunity to commence the study of law at a state institution as soon as citizens of other groups are afforded such opportunity, in conformity with the equal protection clause of the Fourteenth Amendment of the Federal Constitution and with the provisions of the Constitution and statutes of this state requiring segregation of the races in the schools of this state. Art. 13, Sec. 3, Constitution of Oklahoma; 70 O. S. 1941, Secs. 451–457.

"Reversed with directions to the trial court to take such proceedings as may be necessary to fully carry out the opinion of the Supreme Court of the United States and this opinion. The mandate is ordered to issue forthwith."

It is further stated by petitioner that the District Court of Cleveland County of Oklahoma entered an order on January 22, 1948, as follows:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THIS COURT that unless and until the separate school of law for negroes, which the Supreme Court of Oklahoma in effect directed the Oklahoma State Regents for Higher Education to establish

'with advantages for education substantially equal to the advantages afforded to white students,'

is established and ready to function at the designated time applicants of any other group may hereafter apply for admission to the first-year class of the School of Law of the University of Oklahoma, and if the plaintiff herein makes timely and proper application to enroll in said class, the defendants, Board of Regents of the University of Oklahoma, et al., be, and the same are hereby ordered and directed to either:

"(1) enroll plaintiff, if she is otherwise qualified, in the first-year class of the School of Law of the University of Oklahoma, in which school she will be entitled to remain on the same scholastic basis as other students thereof until such a separate law school for negroes is established and ready to function, or

"(2) not enroll any applicant of any group in said class until said separate school is established and ready to function.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if such a separate law school is so established and ready to function, the defendants, Board of Regents of the University of Oklahoma, et al., be, and the same are hereby ordered and directed to

not enroll plaintiff in the first-year class of the School of Law of the University of Oklahoma.

"The cost of this case is taxed to defendants.

"This court retains jurisdiction of this cause to hear and determine any question which may arise concerning the application of and performance of the duties prescribed by this order."

The only question before us on this petition for a writ of mandamus is whether or not our mandate has been followed. It is clear that the District Court of Cleveland County did not depart from our mandate.

The petition for certiorari in *Sipuel* v. *Board of Regents*, did not present the issue whether a state might not satisfy the equal protection clause of the Fourteenth Amendment by establishing a separate law school for Negroes. On submission, we were clear it was not an issue here. The Oklahoma Supreme Court upheld the refusal to admit petitioner on the ground that she had failed to demand establishment of a separate school and admission to it. On remand, the district court correctly understood our decision to hold that the equal protection clause permits no such defense.

Nothing which may have transpired since the orders of the Oklahoma courts were issued is in the record before us, nor could we consider it on this petition for writ of mandamus if it were. The Oklahoma District Court has retained jurisdiction to hear and determine any question arising under its order. Whether or not the order is followed or disobeyed should be determined by it in the first instance. The manner in which, or the method by which, Oklahoma may have satisfied, or could satisfy, the requirements of the mandate of this Court, as applied by the District Court of Cleveland County in its order of January 22, 1948, is not before us.

Motion for leave to file petition for writ of mandamus is denied.

Mr. Justice Murphy is of the opinion that a hearing should be had in order to determine whether the action of the Oklahoma courts subsequent to the issuance of this Court's mandate constitutes an evasion of that mandate.

Mr. Justice Rutledge, dissenting.

I am unable to join in the Court's opinion or in its disposition of the petition. In my judgment neither the action taken by the Supreme Court of Oklahoma nor that of the District Court of Cleveland County, following upon the decision and issuance of our mandate in No. 369, *Sipuel* v. *Board of Regents*, 332 U. S. 631, is consistent with our opinion in that cause or therefore with our mandate which issued forthwith.[1]

It is possible under those orders for the state's officials to dispose of petitioner's demand for a legal education equal to that afforded to white students by establishing overnight a separate law school for Negroes or to continue affording the present advantages to white students while denying them to petitioner. The latter could be done either by excluding all applicants for admission to the first-year class of the state university law school after the date of the District Court's order or, depending upon the meaning of that order, by excluding such applicants and asking all first-year students enrolled prior to that order's date to withdraw from school.

Neither of those courses, in my opinion, would comply with our mandate. It plainly meant, to me at any

---

[1] The mandate reversed the Oklahoma Supreme Court's judgment and remanded the cause to it "for proceedings not inconsistent with this opinion."

rate, that Oklahoma should end the discrimination practiced against petitioner at once, not at some later time, near or remote. It also meant that this should be done, if not by excluding all students, then by affording petitioner the advantages of a legal education equal to those afforded to white students. And in my comprehension the equality required was equality in fact, not in legal fiction.

Obviously no separate law school could be established elsewhere overnight capable of giving petitioner a legal education equal to that afforded by the state's long-established and well-known state university law school. Nor could the necessary time be taken to create such facilities, while continuing to deny them to petitioner, without incurring the delay which would continue the discrimination our mandate required to end at once. Neither would the state comply with it by continuing to deny the required legal education to petitioner while affording it to any other student, as it could do by excluding only students in the first-year class from the state university law school.

Since the state courts' orders allow the state authorities at their election to pursue alternative courses, some of which do not comply with our mandate, I think those orders inconsistent with it. Accordingly I dissent from the Court's opinion and decision in this case.