STATE OF MISSOURI at the Relation of WESLEY HOPKINS BREWTON, a Minor, and WILBERT RAINEY BREWTON, a Minor, by Alton B. Brewton, Sr., Next Friend, (Plaintiffs) Respondents, v. BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, a Corporation, PHILIP J. HICKEY and H. H. MECKER, (Defendants) Appellants, No. 41828—233 S. W. (2d) 697.

Division One, November 13, 1950.

*Emmet T. Carter* and *Gerald K. Presberg* for appellants.

*Frankie M. Freeman, Robert L. Witherspoon, Henry D. Espy* and *S. R. Redmond* for respondents.

[698] HYDE, J.—Mandamus to require the Board of Education of the City of St. Louis and its officers to admit relators (negro students at Washington Technical High School) to the Hadley Technical High School to take the course in aeromechanics. The trial court awarded a peremptory writ to require defendants "at the beginning of the second semester of the present school year (February 1950) either to provide a course in aeromechanics at Washington Technical High School or admit which ever relator is eligible, and if both are eligible, to take said course at Hadley Technical High School." Defendants have appealed this judgment.

At the Pre-Trial Conference, as shown by the Judge's report, it was agreed to limit the case "to the issue of the failure of respondents to offer at Washington Technical High School a course in aeromechanics and the failure of respondents to admit relators to the course in aeromechanics which is given at Hadley Technical High School." It was also agreed "that before they brought suit the petitioners applied

to the Hadley School and to Superintendent of Instruction Hickey for admission to Hadley School; and that said petitioners were refused admission to the Hadley School because of their race and color." Also the following admissions were made: "Counsel for respondents stated that the course was not given at Washington because no one but the three relators had ever asked for such a course. Counsel for relators do not know of any others who desired to take the course." (It was shown in evidence that courses were usually not given unless there are ten or more prospective students.) Defendants contend that they are required by law to segregate the white and colored races for the purpose of public school education; and that they have furnished substantial equality of educational advantage.

Sec. 1, Art. IX of the 1945 Constitution provides: "Separate Schools shall be provided for white and colored children, except in cases otherwise provided for by law." So far the Legislature has made no exceptions. (See Sec. 10349, R. S. 1939.) This policy is, of course, subject to the provisions of the Fourteenth Amendment to the Constitution of the United States for equal protection of the laws but it has been upheld by the United States Supreme Court. (See Plessy v. Ferguson, 163 U. S. 537, 16 S. Ct. 1138, 41 L. Ed. 256; Cumming v. County Board of Education, 175 U. S. 528, 20 S. Ct. 197, 44 L. Ed. 262; McCabe v. Atchison, T. & S. F. R. Co., 235 U. S. 151, 35 S. Ct. 69, 59 L. Ed. 169; Gong Lum v. Rice, 275 U. S. 78, 48 S. Ct. 91, 72 L. Ed. 172; State of Missouri ex rel. Gaines v. Canada, 305 U. S. 337, 59 S. Ct. 232, 83 L. Ed. 208; Sipuel v. Oklahoma, 332 U. S. 631, 68 S. Ct. 299, 92 L. Ed. 247.) In the recent case of Sweatt v. Painter, 339 U. S. 629, 70 S. Ct. 848, 94 L. Ed. 783, the United States Supreme Court refused to reexamine Plessy v. Ferguson. However, "the admissibility of laws separating the races in the enjoyment of privileges afforded by the State, rests wholly upon the equality of the privileges which the laws give to the separated groups within the State." (State ex rel. Gaines v. Canada, supra, 59 S. Ct., 1. c. 236.) Moreover, as held in the Gaines case, the individual's right is a personal one and a negro is entitled to be furnished facilities for education "substantially equal to those which the State there afforded for persons of the white race, whether or not other negroes sought the same opportunity." Furthermore, as held in the Sipuel case, the State must provide such educational facilities for him "in conformity with the equal protection clause of the Fourteenth Amendment and provide it as soon as it does for applicants of any other group." Thus the fact that no other negroes have sought instruction in aeromechanics is not material under the decisions of the United States Supreme Court.

It is true as defendants contend that identical facilities are not required; and that it is not necessary that every subject taught in one school be offered in all others. "The constitutional require-

ments are fulfilled if substantial equality, not necessarily identity, of privileges be afforded [699] the citizens, white or colored, where segregation of the races is provided for.'' (State ex rel. Toliver v. Board of Education of the City of St. Louis, 360 Mo. 671, 230 S. W. (2d) 724.) However, we think that this course in aeromechanics is so complete and so important in this day and age that its denial would prevent substantial equality; and on this issue, we adopt the findings and conclusions of the trial judge, stated in the opinion he filed, as follows: ''The first question to be determined here is whether since the subject of aeromechanics is taught at the Hadley School and is not taught at the Washington School, there is thereby a failure to afford substantially equal educational opportunities to the colored students. We have concluded that the course in aeromechanics given at one school and not at the other constitutes a substantial difference. The so-called course is given three hours a day every school day for five semesters or two and one-half years. (The subject matter of this course and the equipment used was described in detail in evidence and indicates a very comprehensive course.) Three hours a day constitutes approximately one-half of the pupil's school day and five semesters constitutes 62½ percent of the entire high school career of four years. Even though many other so-called courses are given in both high schools, the offering of this course at the one school and not at the other constitutes a substantial inequality. The effect of the present situation is that the opportunity to prepare for a lifetime career as an aeroplane mechanic is available to white students, and the colored students have no similar opportunity. In this air-minded age it is a substantial matter that an opportunity for preparation for such a career is denied some citizens while available to others in the public school system.''

Defendants further contend that relators have not shown a present, clear and unequivocal right to the relief of mandamus or a present, imperative and unconditional duty upon defendants to perform the act sought to be compelled, citing State ex rel. Public Service Commission v. Missouri Pacific R. Co., 280 Mo. 456, 218 S. W. 310 and similar cases. At the close of the evidence, this case was dismissed as to one of the original three relators because he was within a few days of being twenty-one. The two remaining relators were in High School at the time of the trial in November 1949. Wesley H. Brewton was a senior at Washington with only one more semester to complete for graduation. He was seventeen and was taking the course in automobile mechanics. While postgraduate study would be required to take the course in aeromechanics, the evidence shows that this was permitted. His school record shows that he has a high intelligence quotient and above average ratings. His course in automobile mechanics had included some preliminary and related work of the aeromechanics course. There was no evidence to show that he was

not qualified to enter this course and defendants point out no reason for finding him unqualified. We think he has shown a clear, present right and the decisions of the United States Supreme Court clearly indicate defendant's duty to admit him to this course at Hadley if they do not provide such a course at Washington. Wilbert R. Brewton was fifteen and in his second semester at Washington. However, it was necessary for him to complete another semester to be eligible for the aeromechanics course so that he could not have had the qualifications to enter it before September 1950. Thus he did not show a clear, present right to mandamus, either at the time of filing suit or at the time of the trial. Of course, the record before us does not and could not show (and we could not consider it on this appeal) whether he continued in school, made passing grades and has become eligible. (See Fisher v. Hurst, 333 U. S. 147, 68 S. Ct. 389, 92 L. Ed. 604.) Therefore, the case should have been dismissed as to him.

Defendants also contend that "the Court erred in failing to include in the peremptory writ of mandamus issued in this case an alternative right in the Board of Education to maintain substantial equality of educational advantages by not offering the course in aeromechanics at any of its technical high schools." Of course, the Board of Education has complete discretion [700] to determine what courses shall be given, continued or discontinued and this cannot be controlled or interfered with by any court; and, if no such course is given anywhere, there could be no inequality on that basis. It was stated at the oral argument herein that the aeromechanics course was not being given in this 1950 fall semester. We were not advised whether this is a temporary discontinuance or whether it is later intended to continue it. If this course has been abolished and there is to be no such course, then this case is moot and should be dismissed. The trial court may determine this and act accordingly.

The judgment is affirmed as to Wesley Hopkins Brewton but remanded with directions to modify it in accordance with the views herein expressed or to set it aside and dismiss the case at defendants' cost if it has become moot. All concur.