**STATE of Missouri ex rel. SHO–ME POWER CORPORATION, Relator,**

v.

**Hon. James P. HAWKINS, Judge of the Eighteenth Judicial Circuit, Respondent.**

No. 7866.

Springfield Court of Appeals.

Missouri.

July 25, 1960.

Walker, Daniel, Clampett, Rittershouse & Ellis, Springfield, for relator.

Allen, Woolsey & Fisher, Russell G. Clark, Springfield, for respondent.

STONE, Presiding Judge.

In this original proceeding in mandumus, relator, Sho-Me Power Corporation, seeks to compel certain action by respondent, Judge of the Eighteenth Judicial Circuit, before whom is pending an action for damages styled Charles F. Watts, plaintiff vs. Sho-Me Power Corporation, defendant (hereinafter referred to as Case No. 1376), in which plaintiff Watts alleges that, while working for Koss Construction Company on May 21, 1958, he sustained severe injuries when a mobile crane owned by Koss came into close proximity with one of Sho-Me's high voltage electric transmission lines, under circumstances which (so Watts asserts) render Sho-Me liable to respond in damages.

On Febraury 1, 1960, Sho-Me's counsel presented to respondent judge in Case No.

1376 a motion (hereinafter referred to as Sho-Me's motion) praying for "an order directed to plaintiff (Watts) and *to Koss Construction Company* authorizing defendant * * * to enter the premises of Koss Construction Company east of Springfield in Greene County, Missouri, and to photograph said Loraine Mobile Crane." (All emphasis herein is ours.) In its motion, Sho-Me averred that, by reason of Watts' injuries, payments had been made to him under the Missouri Workmen's Compensation Law [Chapter 287, 15 V.A.M.S.]; that Koss and its compensation insurance carrier, Central Surety & Insurance Corporation, "are subrogated to the extent of such payments and, therefore, are interested parties with respect to this suit" [V.A.M.S. 287.150, as amended Laws of 1957, p. 560]; that the mobile crane then was located on Koss' premises in Greene County, Missouri; and that Watts' counsel, who also had represented Koss and Central Surety, had denied the request of Sho-Me's counsel for permission to enter Koss' premises and photograph the crane. By order reciting generally that "the court, after due consideration, and being fully advised in the premises, finds that said motion should be overruled," respondent judge overruled Sho-Me's motion. Thereafter Sho-Me filed its petition for our writ of mandamus "directing and commanding (respondent judge) to enter an order permitting petitioner (Sho-Me) to enter upon the land in question and to photograph the crane involved"; and, although then dubious whether Sho-Me's petition to us even made a paper case, we decided, in the exercise of our discretion and in the absence of any suggestions in opposition thereto [see Rule 83.22,[1] formerly Supreme Court Rule 1.25] that our alternative writ should go.

■ Having had the benefit of exhaustive briefs and enlightening argument by able counsel, and having given the case careful consideration and searching study, we have become convinced that our alternative writ issued improvidently. The only pleading in Case No. 1376 seeking an order permitting entry upon Koss' premises and photographing of the crane in question was Sho-Me's motion overruled by general order on February 1, 1960. The prayer of that motion was for "an order directed to plaintiff (Watts) and *to Koss Construction Company.*" A copy of this motion was served upon, and timely notice of hearing was given to, attorneys of record for plaintiff Watts, but admittedly there was no service upon, or notice to, Koss. Sho-Me's motion did not state specifically whether an order was sought under V.A.M.S. 510.030 (now, as amended, Rule 58.01) or in the exercise of the court's inherent power to make *reasonable* orders requiring litigants to permit entry upon their lands and to submit property thereon to inspection and photographing by adversaries; but, in either event, reasonable notice to Koss would have been a prerequisite to lawful entry of an order such as that sought by Sho-Me.

If (as Sho-Me's counsel earnestly contend, and as we here assume *but do not decide)* Koss was a "party" within the contemplation and meaning of subdivision 2 of V.A.M.S. 510.030 (in effect when Sho-Me's motion was filed and ruled), authorizing the court to "(o)rder *any party* to permit entry upon designated land," certainly Koss was likewise a "party" within the contemplation and meaning of the first paragraph in the same statute which clearly predicated the court's authority to make such order "(u)pon motion of any party showing good cause therefor and *upon notice to all other parties.*" And, if Sho-Me's motion sought to invoke exercise of the court's inherent power, reasonable notice to Koss was no less essential. For, Sho-Me had no absolute right to the order sought in its motion and presentation of that motion did not impose upon respondent

1. Except as otherwise specifically stated, references to rules are to the new Rules of Civil Procedure, effective April 1, 1960, as found in Vernon's Annotated Missouri Rules.

judge a mandatory duty to grant the prayer thereof, but rather the motion, whether invoking exercise of statutory[2] or inherent[3] power, laid before respondent a request to be ruled in the exercise of sound judicial discretion. In these circumstances, we think the general rule applicable that " 'notice is necessary if the motion is not grantable of course.' " In re Waters' Estate, Mo.App., 153 S.W.2d 774, 776(7); 60 C.J.S., Motions and Orders, § 15, loc. cit. 16.[4]

■ For that matter, counsel for Sho-Me now concede, with the forthrightness we have come to expect of them, "that Koss was entitled to notice." But, they counter with a denial that "the matter of notice is relevant to the issues here" and with the assertion that "the matter of notice is a premature issue" because (so they say) "the matter in controversy" in the instant proceeding is the power of respondent judge to make the order requested in Sho-Me's motion. In this, counsel lose sight of certain basic principles and, we think, "put the cart before the horse." The function of the writ of mandamus is to enforce, not to establish, a claim or right;[5] or, as our appellate courts frequently have put it, the office of the writ is to execute, not to adjudicate.[6] "In order to warrant control by mandamus, there must be an *existing,* clear, unconditional, legal right in relator, and a corresponding *present,* imperative, unconditional duty upon the part of respondent, and a default by respondent therein." State ex rel. Public Service Commission of Missouri v. Missouri Pac. R. Co., 280 Mo. 456, 463–464, 218 S.W. 310, 311; State ex rel. Onion v. Supreme Temple, Pythian Sisters, 227 Mo.App. 557, 561, 54 S.W.2d 468, 469(1). Succinctly stated, relator must show a clear legal right to the relief sought;[7] and, since the writ is de-

2. State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 1092, 219 S.W.2d 383, 386(2), 8 A.L.R.2d 1124; State ex rel. Iron Fireman Corp. v. Ward, 351 Mo. 761, 767, 173 S.W.2d 920, 922(7); State ex rel. Missouri Pac. R. Co. v. Hall, 325 Mo. 102, 105, 27 S.W.2d 1027, 1028; State ex rel. St. Louis County Transit Co. v. Walsh, Mo.App., 327 S.W.2d 713, 718.

3. State ex rel. Schlueter Mfg. Co. v. Beck, 337 Mo. 839, 846, 850, 855, 85 S.W.2d 1026, 1029, 1031, 1034; Polk v. Missouri-Kansas-Texas R. Co., 346 Mo. 793, 799–800, 142 S.W.2d 1061, 1064. Compare State ex rel. St. Louis Public Service Co. v. McMullan, Mo., 297 S.W. 2d 431, 435, 62 A.L.R.2d 1281; State ex rel. American Mfg. Co. v. Anderson, 270 Mo. 533, 194 S.W. 268, 271, L.R.A. 1917E, 833.

4. See also Hoppe v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 350, 23 A.L.R.2d 846; Dougherty v. Manhattan Rubber Mfg. Co., 325 Mo. 656, 29 S.W.2d 126, 127(1); George v. Middough, 62 Mo. 549, 551(2); In re Jackson's Will, Mo.App., 291 S.W.2d 214, 225(22, 23); Baker v. Baker, Mo.App., 274 S.W.2d 322, 325–326(10).

5. State ex rel. and to use of Crites v. Short, 351 Mo. 1013, 174 S.W.2d 821, 823(5); State ex rel. Frank v. Becker, 320 Mo. 1087, 9 S.W.2d 153, 154; Houts' Missouri Pleading and Practice, Vol. 4, § 1091, p. 265.

6. State ex rel. Phillip v. Public School Retirement System of City of St. Louis, 364 Mo. 395, 262 S.W.2d 569, 573; State ex rel. School Dist. No. 24 of St. Louis County v. Neaf, 344 Mo. 905, 130 S.W.2d 509, 511(4); State ex rel. Frank v. Becker, supra, 9 S.W.2d loc. cit. 154; State ex rel. Standefer v. England, Mo. App., 328 S.W.2d 732, 737(15); State ex rel. Walton v. Miller, Mo.App., 297 S.W.2d 611, 615; State ex rel. Lyons v. Bank of Conception, 174 Mo.App. 589, 163 S.W. 945, 946(1); Ferris on Extraordinary Legal Remedies, § 194, loc. cit. 229; 55 C.J.S., Mandamus, § 51, loc. cit. 86.

7. State ex rel. Priest v. Gunn, Mo., 326 S.W.2d 314, 325(8); State ex rel. Phillip v. Public School Retirement System of City of St. Louis, supra, 262 S.W.2d loc. cit. 574(5); State ex rel. and to use of Crites v. Short, supra, 174 S.W.2d loc. cit. 823(4); State ex rel. Spratley v. Maries County, 339 Mo. 577, 98 S.W. 2d 623, 624(6); State ex rel. Whitehead v. Wenom, 326 Mo. 352, 32 S.W. 2d 59, 63(8); State ex rel. Poole v. City of Willow Springs, Mo., 183 S.W. 589, 592(1); State ex rel. and to use of Markwell v. Colt, Mo.App., 199 S.W.2d

**444**

nominated as stern, harsh, inflexible, unreasoning and cast-iron in nature and is reserved for use in extraordinary emergencies,[8] it does not issue where the right is doubtful.[9] Without regard to any other consideration or factor, in the absence of any notice to Koss, respondent judge could not be convicted of error in overruling Sho-Me's motion on February 1, 1960, and we could not find in this mandamus proceeding that there is "an *existing,* clear, unconditional, legal right in relator, and a corresponding *present,* imperative unconditional duty upon the part of respondent, and a default by respondent therein."

Resourceful counsel for Sho-Me now argue that, "if respondent had exercised his inherent power of discovery, * * * due process could have been satisfied by service of a conditional (show cause) order." Without probing the legal merit of this unbriefed suggestion, it will suffice to point out that it does not appear that relator made any such request to respondent judge. Compare State ex rel. St. Louis Union Trust Co. v. Sartorius, 351 Mo. 111, 118, 171 S.W.2d 569, 573.

With the foregoing being dispositive of this proceeding, we should not gratuitously reach for and needlessly rule other questions briefed by counsel, particularly in view of the state of the record. Compare State ex rel. Waterworth v. Clark, 275 Mo. 95, 107, 204 S.W. 1090, 1093. Our alternative writ is discharged and the peremptory writ is denied.

McDOWELL and RUARK, JJ., concur.

412, 414(2); State ex rel. Schulz v. Fogerty, Mo.App., 195 S.W.2d 908, 911(6).

8. State on inf. Barker ex rel. Kansas City v. Kansas City Gas Co., 254 Mo. 515, 163 S.W. 854, 857(5); State ex rel. Porter v. Hudson, 226 Mo. 239, 126 S.W. 733, 740; State ex rel. Dietz v. Carter, Mo.App., 319 S.W.2d 56, 57(2); State ex rel. Cook v. Kelly, Mo.App., 142 S.W. 2d 1091, 1094.

9. State ex rel. St. Louis Union Trust Co. v. Sartorius, 350 Mo. 46, 164 S.W.2d 356, 359(8); State ex rel. Horton v. Bourke, 344 Mo. 826, 129 S.W.2d 866, 868–869 (5); State ex rel. Coffman v. Crain, Mo. App., 308 S.W.2d 451, 454(3); High on Extraordinary Legal Remedies (3rd Ed.), § 9, p. 12.