**INTERNATIONAL LADIES' GARMENT WORKERS' UNION, et al., Appellants,**

v.

**Raymond J. DONOVAN, et al.**

**No. 82–2133.**

United States Court of Appeals, District of Columbia Circuit.

April 30, 1984.

Stephen J. Pollak, Washington, D.C., with whom John Townsend Rich, Andrew H. Marks, Washington, D.C., and Max Zim-

ny, New York City, were on the motion for appellants.

Douglas Letter, Atty., U.S. Dept. of Justice, Washington, D.C., with whom Richard K. Willard, Acting Asst. Atty. Gen., Robert S. Greenspan, Atty., U.S. Dept. of Justice, Karen I. Ward, Associate Sol., and Charles I. Hadden, Counsel, U.S. Dept. of Labor, Washington, D.C., were on the response for appellees, Secretary of Labor, et al.

Before WRIGHT, EDWARDS, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

This appeal presents a petition to enforce the mandate in *International Ladies' Garment Workers' Union v. Donovan*, 722 F.2d 795 (D.C.Cir.1983) ("*Donovan I*"). In *Donovan I*, this panel held that the Secretary of Labor's rescission of homework restrictions in the knitted outerwear industry was arbitrary and capricious. In vacating the rescission and remanding to the District Court "with instructions to return the matter to the Secretary for further proceedings as may be warranted," we ordered that "[t]he restriction against industrial homework shall be reinstated and remain in effect unless properly modified pursuant to 'reasoned decisionmaking' consistent with the opinion of this court." *Id.* at 828.

On February 1, 1984, the full court denied, without dissent, a suggestion that the panel's decision be reconsidered *en banc.* Five days later, the Secretary filed a motion, under Rule 41(b), to stay issuance of the mandate for 30 days while the Solicitor General decided whether to file a petition for writ of certiorari. In so moving, the Secretary argued that the stay was needed because "[w]orkers and their employers in reliance on the rule [rescinding restrictions] have already been engaged in homework for in excess of two years ...." Motion to Stay Issuance of Mandate Under Rule 41(b), at 2, *International Ladies' Garment*

*Workers' Union v. Donovan*, No. 82–2133 (D.C.Cir. Feb. 6, 1984). This motion was denied by the original panel on February 28, 1984, and one day later this court issued a certified judgment. On March 13, 1984, the District Court remanded to the Secretary for any further proceedings that might be warranted.

On March 27, 1984, the Secretary took additional action which is the subject of the motion and the appeal before us. In addition to publishing a notice of proposed rulemaking to again rescind homework restrictions, 49 Fed.Reg. 11,786 (Mar. 27, 1984), the Secretary issued, without notice and comment, a final "emergency" rule suspending the effect of this court's decision "for a period of 120 days for those individuals who were employed as homeworkers in the knitted outerwear industry at any time during the period from November 8, 1981 through February 29, 1984." 49 Fed.Reg. 11,792, 11,796 (Mar. 27, 1984).

The appellants then returned to the District Court, and filed a motion to compel compliance with this court's decision and the March 13, 1984 order of the District Court. Prior to a hearing on this motion, the District Court issued an order indicating that the motion would be treated as a motion for preliminary injunction, in order to facilitate appellate consideration of the matter. *International Ladies' Garment Workers' Union v. Donovan*, No. 81–2606 (D.D.C. Apr. 9, 1984) (Order). At a hearing on the motion, the appellants expressly indicated that they were asking the court to issue relief enforcing the mandate, as this court has done in previous cases. Transcript of proceeding, *International Ladies' Garment Workers' Union v. Donovan*, at 5 (D.D.C. Apr. 9, 1984). The trial court responded that those cases involved

> the Court of Appeals. There is a difference, as I continually discover, between the Court of Appeals and a District Court. They can do what they want. I can only do what they let me.

*Id.* The District Judge proceeded to treat the motion as one for preliminary injunction, and ultimately denied the motion on

the ground that the appellants had failed to show that the injunctive relief requested was necessary to avoid irreparable injury.

The appellants have now filed a motion with this court to enforce the mandate. They noted that this motion could alternatively be characterized as a motion for "further relief" or a motion "to recall and clarify the mandate." Appellants' Brief in Support of Motion to Enforce the Mandate, p. 9 n. 4. Independently, the appellants appealed the District Court's decision and, pursuant to that appeal, moved for summary reversal of the District Court's order. Our review here is limited to appellants' motion to enforce the mandate.

## DISCUSSION

■ At the outset, we note that this panel clearly has the authority to grant the relief sought by the appellants. The power of an original panel to grant relief enforcing the terms of its earlier mandate is clearly established in this Circuit, both with respect to cases that have been remanded to a District Court for further proceedings, *Dilley v. Alexander*, 627 F.2d 407 (D.C.Cir. 1980) (original panel recalled and clarified mandate); *Yablonski v. United Mine Workers of America*, 454 F.2d 1036 (D.C. Cir.1971) (per curiam) (original panel granted petition for further relief to enforce its prior mandate and opinion), *cert. denied*, 406 U.S. 906, 92 S.Ct. 1609, 31 L.Ed.2d 816 (1972), as well as in cases that have been remanded directly to an administrative agency. *E.g.*, *National Classification Committee v. United States*, No. 81–1600 (D.C.Cir. Apr. 23, 1984); *Action on Smoking and Health v. CAB*, 713 F.2d 795 (D.C. Cir.1983).

■ It is also indisputable that both before the District Court and in the instant proceeding, the appellants have requested relief of this sort. This is evident from the appellants' original motion with the District Court, the explanation of their position at that court's hearing, and the position taken in their briefs on appeal.

The District Court was mistaken in recharacterizing the appellants' motion as a request for preliminary injunctive relief. This mischaracterization of the appellants' action shifted the focus of the court's inquiry to whether the appellants could establish irreparable injury to their interests. While such an injury could certainly be inferred from this court's original decision, the appellants' request for enforcement of the court's mandate also implicates an interest of a very different sort. This, of course, is the interest of the judicial branch in seeing that an unambiguous mandate is not blatantly disregarded by parties to a court proceeding.

This is an interest that the District Court certainly was empowered to protect. We originally remanded this case to the District Court so that it could enforce our mandate. This authority is retained by the District Court, and its invocation is particularly appropriate in a case such as this where an administrative agency plainly neglects the terms of a mandate, and the case then returns to the court—under the same docket number and involving the same parties—on a motion to enforce the original mandate.

As the District Court declined to enforce the mandate, we could consider and decide this issue now. *See Dilley*, 627 F.2d at 412 ("Faced with the district court's apparent uncertainty concerning our mandate, and the plainly erroneous interpretation of the Army, we would be remiss were we to abandon our decision that we reached in the appellants' favor") (footnote omitted). However, in this case the District Court's decision was predicated on an erroneous view of its judicial authority vis-a-vis this court, rather than an unwillingness to exercise that authority. In light of the critical role played by district courts in the enforcement of appellate decisions, we deem it appropriate for the District Court to decide this question in the first instance. *See generally Dilley*, 627 F.2d at 412 n. 7 (discussing the "shared responsibility" between district and appellate courts in implementation of mandate). *Cf. Fisher v. Hurst*, 333 U.S. 147, 150, 68 S.Ct. 389, 390, 92 L.Ed. 604 (1948) (per curiam) (where

District Court's order did not depart from Supreme Court's mandate, "[w]hether or not the order is followed or disobeyed should be determined by [the District Court] in the first instance").

 On remand, the District Court should therefore determine whether the "emergency" rule promulgated by the Secretary violates the terms of our previous mandate. The District Court has already observed that the appellants will "probably prevail" on this claim. *International Ladies' Garment Workers' Union v. Donovan,* No. 81–2606, mem. op. at 3 (D.D.C. Apr. 11, 1984). Absent facts that do not appear in the record before us, we are of a view that the District Court's tentative conclusion concerning the merits of the appellants' position is clearly correct. The alleged justification advanced by the Secretary in defending his action is merely a repeat of the argument he advanced in his motion to stay this panel's decision—an argument that already has been rejected by the court. Undaunted by this repudiation, the Secretary has now, in effect, implemented the stay on his own. Moreover, the Secretary has simply reimplemented precisely the same rule that this court vacated as "arbitrary and capricious" in its first decision. Such an attempt to circumvent a lawful order of this court does not satisfy the requirement of reasoned decisionmaking imposed on the Secretary.

If, on remand, it remains clear to the District Court that the Secretary has violated the express terms of our mandate, the court must act forthwith to enforce the mandate and require the Secretary to comply with its terms.

*So ordered.*