**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | |
| ) | **Criminal Action No. 96-452 (RWR)** |
| **ANTOYNE P. WHITE,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM ORDER

In 1998, the defendant pled guilty to five charges, including carrying a pistol without a license ("CPWL"). Judge Harold Greene sentenced the defendant to a term of forty years to life, including twenty months to five years on the CPWL charge. The court of appeals vacated the defendant's conviction on the CPWL charge on the ground that there was no jurisdiction over that charge. The case was reassigned to this Court, and in January 2001, the defendant's motion to withdraw his guilty plea on the CPWL charge was granted, and that charge was dismissed for lack of jurisdiction. In that Order, the defendant's Judgment and Commitment Order was amended to delete the CPWL charge and to reduce the defendant's total sentence to eighteen and one-third years to life. The government has filed a motion to correct a clerical error in the judgment under Federal Rule of Criminal Procedure 36,[1] arguing that the sentence should have been reduced

---

[1] Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record[.]"

to thirty-eight and one-third years to life instead of eighteen and one-third years to life.  The defendant filed an opposition,[2] arguing that the error was arithmetical, not clerical in nature, and that there is no authority for amending the judgment because the time period for amending a judgment under Rule 35 has passed.[3]  Because there was no jurisdiction to alter the defendant's sentence except as to the CPWL charge, the defendant's Judgment and Commitment Order will be amended to comply with the court of appeals' mandate.

A district court is without authority to take any action that is inconsistent with an appellate court's mandate.  See City of Cleveland, Ohio v. Fed. Power Comm'n, 561 F.2d 344, 346 (D.C. Cir. 1977) (noting that the "decision of a federal appellate court establishes the law binding further action in the litigation by another body subject to its authority" and that the "latter 'is without power to do anything which is contrary to

---

[2] The defendant has also filed a motion for leave to file a surreply.  The defendant has not identified any matter that he was unable to contest in his opposition because the government raised it for the first time in its reply.  Cf. Ben-Kotel v. Howard Univ., 319 F.3d 532, 536 (D.C. Cir. 2003) (noting that plaintiff could have moved for leave to file a surreply to contest a matter raised for the first time in the defendant's reply memorandum).  Therefore, the defendant's motion for leave to file a surreply will be denied.

[3] Rule 35 provides authority for correcting substantive errors in sentences: "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

either the letter or spirit of the mandate'" (quoting <u>Yablonski v. United Mine Workers of Am.</u>, 454 F.2d 1036, 1038 (D.C. Cir. 1972))); <u>Laffey v. Nw. Airlines, Inc.</u>, 642 F.2d 578, 584-85 (D.C. Cir. 1980) (holding that district court "had no power to reconsider issues laid to rest on an earlier appeal").  Failure to comply with a mandate is a jurisdictional error.  <u>See</u> <u>United States v. Thrasher</u>, 483 F.3d 977, 982 (9th Cir. 2007) (noting that the court had described a mandate "as limiting the district court's 'authority' on remand, which is jurisdiction language"); <u>United States v. Rosa</u>, 372 F. Supp. 1341, 1341 (S.D.N.Y. 1974) ("No jurisdictional basis apparently exists for this Court to alter or modify the mandate of the Court of Appeals.").  The Supreme Court has held that if a lower court "does not give full effect to [a] mandate, its action may be controlled, either upon a new appeal . . . or by a writ of mandamus to execute the mandate[.]"  <u>In re Sanford Fork & Tool Co.</u>, 160 U.S. 247, 255 (1895).  However, a district court also retains jurisdiction to enforce an appellate court's mandate.  <u>See</u> <u>Int'l Ladies' Garment Workers' Union v. Donovan</u>, 733 F.2d 920, 922 (D.C. Cir. 1984) (noting that "authority is retained by the District Court" to enforce the circuit's mandate); <u>Dilley v. Alexander</u>, 627 F.2d 407, 412 n.7 (D.C. Cir. 1980) (describing the district court's role in implementing a mandate as "a shared responsibility" with the court of appeals).

The court of appeals' mandate left untouched all of the defendant's sentence except that imposed on the CPWL charge. On remand, there was no authority to lower the sentences on the other four offenses. Rather, the mandate authorized vacating the CPWL sentence, as the court of appeals explicitly directed, and dismissing the CPWL charge, as was implicit in the remand. All that the January 2001 Order needed to say, then, was that the sentence on Count 1 as pronounced on page 2 of the Judgment and Commitment Order was vacated, and Count 1 of the Superseding Information filed on June 25, 1998 was dismissed. It was unnecessary for the Order to recalculate the resulting aggregate sentence, as it tried to do. It is plain that in trying to state what the resulting aggregate sentence was, the Order either subtracted wrongly or incorrectly substituted a "1" before the "8" and carried that over erroneously into the 18 1/3 year sentence as articulated in words. Although the government waited well beyond Rule 35's fourteen-day window to seek to correct the potentially arithmetic error, Rule 35 does not stand in the way of correcting a sentence which there was no jurisdiction to impose in the first place. The sentence that was announced orally by Judge Greene in the defendant's presence, less the portion the court of appeals found illegal, is what should control. Accordingly, it is hereby

ORDERED sua sponte that the defendant's Judgment and Commitment Order be, and hereby is, amended to reflect a total sentence of thirty-eight and one-third (38 1/3) years to life. It is further

ORDERED that the government's motion [72] to correct a clerical error be, and hereby is, DENIED as moot.  It is further

ORDERED that the defendant's motion for leave to file a surreply be, and hereby is, DENIED.

SIGNED this 22nd day of November, 2010.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge