See also 571 F.Supp. 374.

BAYLOR UNIVERSITY MEDICAL CENTER, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant-Appellant.

HARRIS HOSPITAL–METHODIST, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant-Appellant.

No. 83–1442.

United States Court of Appeals, Fifth Circuit.

April 23, 1984.

Stafford Hutchinson, Asst. U.S. Atty., Charlene M. Seifert, Asst. Regional Atty., Dept. of H & HS, Dallas, Tex., for Dept. of Health and Human Services.

Robert B. Cook, Jr., Dallas, Tex., for Baylor.

Mike McKool, Jr., Charles W. Cunningham, Dallas, Tex., for Harris.

Before TATE, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:

Under Title XVIII of the Social Security Act ("Medicare Act"), 42 U.S.C. § 1395, et seq., hospitals providing health care services to Medicare patients are to be paid by the Secretary of the Department of Health and Human Services ("Secretary") their

reasonable costs in rendering routine services to Medicare patients. During administrative proceedings in this case and the resulting action in district court, Baylor University Medical Center and Harris Hospital-Methodist ("hospitals") contended that they were not paid the full amount of reimbursement to which they were entitled for routine services rendered to Medicare patients during certain accounting periods. The hospitals argued that the insufficient reimbursements resulted from the Secretary's inclusion of labor and delivery room patients in the inpatient census, even though those patients had not yet received routine care. *See* § 2345, Secretary's Provider Reimbursement Manual. Because the inpatient census is the very basis of the average per diem cost figures used to calculate total reimbursements, the hospitals allege that the Secretary's practice distorts average costs to the detriment of non-Medicare patients.

The district court agreed with the hospitals' position and held that labor and delivery room patients are not includable in the midnight census used to compute the average cost of routine services for purposes of Medicare reimbursement. *Baylor University Medical Center v. Schweiker*, 563 F.Supp. 1081 (N.D.Tex.1983). We affirm on the basis of the reasons adequately set forth in the district court's opinion and by the Courts of Appeals for the District of Columbia Circuit and Ninth Circuit in *St. Mary of Nazareth Hospital Center v. Schweiker*, 718 F.2d 459 (D.C.Cir.1983) and *International Philanthropic Hospital Foundation v. Heckler*, 724 F.2d 1368 (9th Cir.1984). Our affirmance, however, is of this case only and should not be construed to invalidate the practice of including labor and delivery room patients in the inpatient census in all situations. Hospital practices vary, and the Secretary is free to produce evidence showing that the artificially low reimbursement alleged to result from including labor and delivery room patients in the census is offset by other accounting factors, including those recognized in *St. Mary of Nazareth Hospital Center* and

*International Philanthropic Hospital Foundation.*

AFFIRMED.