**BETH ISRAEL HOSPITAL,**
**Plaintiff, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant, Appellee.**

No. 83–1884.

United States Court of Appeals, First Circuit.

Argued April 4, 1984.

Decided May 18, 1984.

Michael K. Loucks, Boston, Mass., with whom Jeffrey L. Heidt, and Choate, Hall & Stewart, Boston, Mass., were on brief for plaintiff, appellant.

Patti B. Saris, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and HUNTER,* Senior District Judge.

BOWNES, Circuit Judge.

In this appeal, Beth Israel Hospital (Hospital) challenges a portion of the accounting procedures the Secretary of Health and Human Services has directed hospitals to utilize in computing their Medicare cost reimbursement. The Hospital contends that the Secretary's implementation of her interpretive approach to the governing regulations has resulted in an illegal subsidization of the Medicare program by non-Medicare payors, see 42 C.F.R. § 405.452(b) (1977), is arbitrary and capricious as a matter of law, and is unsupported by substantial evidence. The district court 572 F.Supp. 573 found for the Secretary and dismissed the complaint.

The dispute here, regarding the treatment of costs and patients in the hospitals' labor/delivery room area, which is an ancillary care area, see Provider Reimbursement Manual § 2202.8 (HCFA Pub. 15-1), is not unique. Two other circuits have faced the identical issue. In St. Mary of Nazareth Hospital v. Schweiker, 718 F.2d 459 (D.C.Cir.1983), the court decided a consolidated group appeal of seventy hospitals and the individual appeals of two others. In its exhaustive opinion the court sustained the hospitals' fundamental claim. Shortly thereafter, the Ninth Circuit adopted the St. Mary opinion, see International Philanthropic Hospital Foundation v. Heckler, 724 F.2d 1368 (9th Cir. 1984), noting "the parties have not convinced us that we can improve upon that decision."

We agree with the Ninth Circuit that this labor/delivery room census issue has been correctly answered by Judge McGowan in St. Mary. Accordingly, we adopt that opinion here.

* Of the Western District of Missouri, sitting by designation.

The parties nevertheless urge additional arguments upon us in response to the *St. Mary* decision. First, the Hospital entreats us to go one step farther than our colleagues on the District of Columbia Circuit and hold that the regulation which denies the labor/delivery room status as a special care unit, 42 C.F.R. § 405.452(d)(10), is invalid in this limited respect, and such room should be counted as a special care unit. The *St. Mary* court declined to rule that the labor/delivery room should be counted as a special care unit because it had questionable jurisdiction over the claim and because it disposed of the case on other grounds. *See* 718 F.2d at 468 n. 12. We join the *St. Mary* decision in this respect as well, and would only add that the Secretary has several choices of how to implement our decision; counting the labor/delivery room as a special care unit is only one such option. We decline to preempt the Secretary's sound judgment by making such a ruling here. *Cf. Psychiatric Institute of Washington, D.C., Inc. v. Schweiker,* 669 F.2d 812, 813 (D.C.Cir.1981) ("the Special Care Unit regulation depended entirely on the Secretary's judgment ... and the initial decision where to draw the line was for the Secretary alone"); *White Memorial Medical Center v. Schweiker,* 640 F.2d 1126, 1129 (9th Cir.1981) (upholding Secretary's judgment that a specialized unit was not entitled to special care unit status).

■ The Secretary urges that the Beth Israel Hospital is factually distinct from the *St. Mary* hospitals and should be judged on its own particular practices. Normally this would be so, but the Secretary stipulated that the administrative record of *St. Mary*, including the testimony of numerous experts regarding pertinent hospital practices in a wide variety of hospitals nationwide, should be taken into account when we made our decision. As this is a regulatory interpretation that applies nationally, we decline to ignore the experiences of other hospitals in their pertinent aspects. If the Secretary did not wish us to review these materials, she should not have stipulated to their inclusion in the record here.

Moreover, we point out that the *St. Mary* court ruled as a matter of law that the Secretary's interpretation could not be sustained. The court identified six arguments on which the Secretary grounded her decision, and found each to be fundamentally flawed, as, for instance, by leading to "impossible results," 718 F.2d at 467, and therefore illogical, *id.* at 468, or "irrational," *id.* at 473. A ruling that the Secretary's regulatory interpretations are internally inconsistent and contradictory does not depend upon fine factual distinctions between hospitals' administrative practices. Even were we to disregard the uncharacteristic illogic of the Secretary's regulatory interpretations here at issue, we would not find her proffered distinctions persuasive.

We do believe, however, that a remand is appropriate. The Secretary requests the same opportunity provided in *St. Mary* to show that the dilution of the Hospital's Medicare reimbursement is offset by other factors in the Medicare system. One such factor the Secretary suggests is that maternity patients create greater routine costs once they are transferred to a routine care area than the average routine costs of other patients. The Secretary should be allowed to introduce additional evidence pertaining to such an offset. We therefore adopt the *St. Mary* remand order:

> We remand the case to the District Court with instructions to remand to the PRRB for the limited purpose of taking evidence on the issue of whether the use of other ancillary services by Medicare beneficiaries at the census-taking hour suffices to compensate for the dilution of Medicare reimbursement caused by including labor/delivery area patients in the calculation of average general routine costs per diem. Absent substantial evidence to support such a contention, the Secretary is directed to exclude labor/delivery room patients, who have not previously that day received routine services, from the inpatient count used to derive the average cost per diem for general routine services.

*Reversed and remanded for further proceedings consistent herewith.*