**ST. MARY OF NAZARETH HOSPITAL, et al., Plaintiffs,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

**MOUNT ZION HOSPITAL & MEDICAL CENTER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

**WASHINGTON TOWNSHIP HOSPITAL DISTRICT, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

**Civ. A. Nos. 80–3280, 81–0396 and 81–0994.**

United States District Court, District of Columbia.

June 29, 1984.

Dennis M. Barry and Michael H. Cook of Wood, Lucksinger & Epstein, Washington, D.C., for plaintiffs.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, Asst. U.S. Atty., Henry R. Goldberg, Sheree R. Kanner and Deborah M. Chaskes, Dept. of Health & Human Services, Washington, D.C., for defendants; Juan A. Del Real and Ann T. Hunsaker, Washington, D.C., of counsel.

### ORDER

CHARLES R. RICHEY, District Judge.

These consolidated cases, involving the treatment of labor and delivery room patients in calculating Medicare reimbursement, are before the court upon remand. 718 F.2d 459 (D.C.Cir.1983), *reh'g denied*, Nov. 18, 1983. Defendant has moved for a remand to the agency for recalculation of the average routine cost per diem of the plaintiff hospitals. Plaintiffs argue that in light of the Court of Appeals opinion and defendant's subsequent admission that on remand it could *not* produce the evidence referred to in that opinion, no further administrative proceedings are warranted. For the reasons set forth below, the court concludes that remand would be inappropriate and that plaintiffs are entitled to an immediate judgment on the existing record.

### THE COURT OF APPEALS ORDERED AN ADMINISTRATIVE REMAND FOR A LIMITED PURPOSE

On September 23, 1983, the Court of Appeals for the District of Columbia Circuit held that labor and delivery room patients should not be included in the routine inpatient count for purposes of calculating the average routine cost per diem under Medicare regulations. After its careful analysis, however, the Court of Appeals conditioned its ruling on one additional finding:

> We remand the case to the District Court with instructions to remand to the PRRB [Provider Reimbursement Review Board] for the *limited purpose* of taking evidence on the issue of whether the use of other *ancillary* services by Medicare beneficiaries at the census-taking hour suffices to compensate for the dilution of Medicare reimbursement caused by including labor/delivery area patients in the calculation of average general routine costs per diem. Absent substantial evidence to support such a contention, the Secretary is directed to exclude labor/delivery room patients, who have not previously that day received routine service, from the inpatient count used to derive the average cost per diem for general routine services.

*St. Mary*, 718 F.2d at 474 (emphasis added).

The Secretary has repeatedly acknowledged that the agency cannot make the showing contemplated by the Court of Appeals. Instead of offering evidence on the use of *ancillary* services, the Secretary now argues that evidence can be produced to show that *routine* maternity costs generally exceed those of other major patient care units, and accordingly that there is no true dilution of Medicare reimbursement.

The evidence offered by the Secretary concerning *routine* costs, as opposed to ancillary services, is clearly beyond the scope of the remand in this case. The Court of Appeals issued specific directions, not an open-ended mandate for further administrative proceedings. Referring solely to the use of ancillary services at the census hour by Medicare patients, the Court instructed that

"[i]f there is no such offset *or if the Secretary decides not to contest the issue*, then the Secretary may not count labor/delivery patients ... among the routine inpatient population ...."

*Id.* at 474 (emphasis added). This court "must act forthwith to enforce the mandate and require the Secretary to comply with its terms." *International Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920 (D.C.Cir.1984). To allow the Secretary to produce new evidence on a topic other than the narrow issue identified by the Court of Appeals would be a violation of its mandate which this court will not permit.

Another district court, facing the identical question, came to the same conclusion. *International Philanthropic Hospital Foundation v. Heckler*, No. CV81–115 MPR (C.D.Cal. remand denied May 10, 1984). Judge Mariana Pfaelzer, interpreting the Ninth Circuit opinion which adopted *St. Mary*'s reasoning and its limited remand, found that the "assertion of the Secretary regarding the general routine services which labor and delivery room patients purportedly receive is beyond the scope of the remand in this case and in *Saint Mary* ...." She concluded, therefore, that "the Secretary's motion to remand for calculation purposes must be denied ... [and] that judgment must be entered for plaintiff ...." *See also Baylor University Medical Center v. Heckler*, 730 F.2d 391 (5th Cir.1984) (refusing to remand and affirming the district court decision to exclude labor and delivery room patients from the midnight census used to compute the average cost of routine services). *Cf. Beth Israel Hospital v. Heckler*, 734 F.2d 90 (1st Cir.1984) (adopting the D.C. Circuit decision, but explicitly authorizing a broad inquiry on remand).

At oral argument, defense counsel suggested that the Court of Appeals did not really mean what it said when it limited the remand to an examination of "ancillary" services. This court, however, finds no ambiguity or confusion in the Court of Appeals decision. Defendant's new evidence, demonstrating purported offsets to bolster the Secretary's labor/delivery room policy, could have been offered at an earlier stage of these proceedings. At this time, in light of the clear holding of the Court of Appeals, it is irrelevant.

It is therefore by the court this 28th day of June, 1984,

ORDERED that labor/delivery room patients who have not previously that day received routine services, and who enter a routine bed and remain there through the next census hour, may not be counted among the routine inpatient population at the midnight census for calculating the average cost per diem for general routine services under the Medicare statute and regulations; and it is

FURTHER ORDERED that the Secretary's motion to remand for calculation purposes is denied; and it is

FURTHER ORDERED that a copy of this final order * shall be sent immediately by defendant to the fiscal intermediaries responsible for each of the plaintiff hospitals, with directions to compute the amount owing to each plaintiff for the fiscal years in question no later than forty-five (45) days from the date of this order. Such amounts shall include interest computed to the date of actual payment in accordance with 42 U.S.C. § 1395oo(f). Payment of such amounts shall be made no later than sixty (60) days from the date of this order.

---

* This order shall not apply to the claims of plaintiff St. Vincent Hospital and Medical Center of Toledo since the Court of Appeals withheld judgment on those claims.