PROVIDENCE–ST. MARGARET
HEALTH CENTER, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health & Human Services,
Defendant.

Civ. A. No. 83–2522.

United States District Court,
District of Columbia.

June 29, 1984.

Dennis M. Barry, Michael H. Cook and Harry L. Zimmerman of Wood, Lucksinger & Epstein, Washington, D.C., for plaintiff.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, Asst. U.S. Atty., Washington, D.C., for defendant; Juan A. Del Real, and Ann T. Hunsaker; Deborah M. Chaskes, Henry·R. Goldberg and Vicki L. Schulkin, Department of Health & Human Services, Washington, D.C., of counsel.

## ORDER

CHARLES R. RICHEY, District Judge.

Before the court are plaintiff's motion for summary judgment and defendant's motion to remand. Plaintiff, a "provider of services" participating in the Medicare program, 42 U.S.C. § 1395 *et seq.*, is challenging defendant's reimbursement for certain fiscal years. At issue is the proper treatment of maternity patients found in the labor/delivery area at the midnight census-taking hour for purposes of calculating the average per diem cost for routine patient care. The court finds that this case presents the identical questions of fact and law considered by the Court of Appeals in *St. Mary of Nazareth Hospital v. Schweiker*, 718 F.2d 459 (D.C.Cir.1983), *reh'g denied*, Nov. 18, 1983, in which the Court determined that defendant's labor/delivery room policy was arbitrary and capricious and in violation of the Medicare Act. Accordingly, plaintiff's motion for summary judgment will be granted and defendant's motion for remand will be denied.

## THE ISSUES IN THIS CASE ARE IDENTICAL TO THOSE IN ST. MARY

Plaintiff hospital is seeking increased reimbursement for services it provided to Medicare patients. Like the plaintiffs in *St. Mary*,[1] the hospital filed Medicare cost reports excluding from its count of "routine inpatient days" patient days attributable to maternity patients in the hospital's labor/delivery area at the census-taking hour, midnight. The fiscal intermediaries,

*see* 42 U.S.C. § 1395h, reclassified the labor/delivery room days as "inpatient days," thereby reducing Medicare reimbursement based on the calculation of average per diem cost for routine patient care. Plaintiff then exhausted its administrative remedies, arguing to the Provider Reimbursement Review Board (PRRB) and the Deputy Administrator of the Health Care Financing Administration.[2] Finally, plaintiff filed suit in this court and moved for summary judgment, alleging that defendant's labor/delivery room policy violates the Medicare Act.

This is precisely the path followed by the plaintiff hospitals in the *St. Mary* case. After detailed analysis, the Court of Appeals held that labor and delivery room patients should not be included in the routine inpatient count for purposes of calculating the average routine cost per diem under Medicare regulations. 718 F.2d at 474. That ruling was conditioned on one additional factor: if, on remand, the Secretary could show that the use of ancillary services by Medicare beneficiaries offset the dilution of Medicare reimbursement caused by including labor/delivery area patients in the calculation of average general routine costs per diem, the Secretary's calculation could be justified. *Id.* The Secretary, however, repeatedly stated that the agency could make no such showing, and this court accordingly granted final judgment for plaintiff hospitals in an order dated June 28, 1984.

## PLAINTIFF IS ENTITLED TO JUDGMENT BASED ON THE COURT OF APPEALS DECISION IN ST. MARY

The Court of Appeals decided in *St. Mary* that the Secretary's labor/delivery room policy was irrational and not supported by the evidence, and thereby represented "a concrete violation of the constraints placed on the Secretary's discretion in promulgating regulations under 42

---

1. Providence-St. Margaret Health Center was also a plaintiff in *St. Mary*, challenging its reimbursement for earlier fiscal years.

2. Due to the identity of the issues, the parties held a hearing on the record and incorporated many portions of the administrative record of the *St. Mary* case.

U.S.C. § 1395x(v)(1)(A)." 718 F.2d at 474. Other federal courts which have examined this question have come to the same conclusion. *See International Philanthropic Hospital Foundation v. Heckler,* 724 F.2d 1368 (9th Cir.1984); *Baylor University Medical Center v. Heckler,* 730 F.2d 391 (5th Cir.1984); *Community Hospital of Roanoke Valley v. Heckler,* 588 F.Supp. 674 (W.D.Va. 1984); *Johnson County Memorial Hospital v. Heckler,* 572 F.Supp. 1538 (S.D. Ind. 1983); *Central DuPage Hospital v. Heckler,* No. 82–C–0735 (N.D.Ill. Oct. 19, 1983). *Cf. Beth Israel Hospital v. Heckler,* 734 F.2d 90 (1st Cir.1984) (adopting the *St. Mary* decision, but explicitly authorizing a broad inquiry on remand).

Although the court is conscious of the substantial financial impact its ruling may have on the Medicare system, it simply cannot ignore the teaching of this Circuit in *St. Mary.* The Secretary admitted that the agency cannot produce the only evidence which might justify her labor/delivery room policy under the mandate of the *St. Mary* opinion, so a remand is not warranted. The agency is not entitled to a "second bite of the apple" to introduce new evidence at the administrative level and the conclusion that the Secretary has acted irrationally, in violation of the Medicare statute, must stand. The only distinctions between this case and *St. Mary* are the identity of plaintiffs and the fiscal years and amounts in question, and these are factors without legal significance. The court must conclude in this case, as the Court of Appeals did in *St. Mary,* that it is irrational to include patients found in the labor/delivery room area at the census-taking hour in the inpatient count for purposes of determining the average per diem cost of routine care.

It is, therefore, by the court this 29th day of June, 1984,

ORDERED that plaintiff's motion for summary judgment is granted and labor/delivery room patients who have not previously that day received routine services, and who enter a routine bed and remain there through the next census hour, may not be counted among the routine inpatient population at the midnight census for calculating the average cost per diem for general routine services under the Medicare statute and regulations; and it is

FURTHER ORDERED that the Secretary's motion to remand for calculation purposes is denied; and it is

FURTHER ORDERED that a copy of this final order shall be sent immediately by defendant to the fiscal intermediaries responsible for plaintiff hospital, with directions to compute the amount owing for the fiscal years in question no later than forty-five (45) days from the date of this order. Such amounts shall include interest computed to the date of actual payment in accordance with 42 U.S.C. § 1395oo (f). Payment of such amounts shall be made no later than sixty (60) days from the date of this order, and meanwhile this case shall stand dismissed from the dockets of this court.